THE RICHMONDVILLE UNION SEMINARY, &c., Respondent, v. JOHN McDONALD, Jr., Appellant.

Defendant subscribed to the capital stock for the purpose of building a seminary, and delivered his subscription to the plaintiff—the seminary incorporation. The seminary buildings were built, and the defendant refused to pay his subscription. Suit was commenced by plaintiff to recover the same. *Held*, that the delivery of the subscription to the plaintiff, the demand of payment, and the subsequent suit to recover the same, were sufficient evidence of acceptance by the plaintiff.

*Held*, also, that the obligation resting on the corporation to issue stock to the defendant to the amount of his subscription, and his consequent power to control the corporation to that extent, constituted a sufficient consideration for his promise to pay it.

THE plaintiff sued to recover on an alleged subscription for shares of its capital stock. On the trial before the referee, the plaintiff produced and proved a subscription paper signed by the defendant, which was as follows: "We, the undersigned, subscribe severally and personally for the number of shares of the capital stock of the R. U. S. and Female Collegiate Institute set opposite our respective names, and agree severally to pay the trustees of said Seminary and Female Collegiate Institute, or their successors in office, twenty-five dollars for each share of the stock by us subscribed, at such times and in such installments as the said trustees shall require. August 18th, 1853." The defendant subscribed $200, and for eight shares. Several other names appeared to have been subscribed, three of which, for four shares each, preceded that of the defendant, and it was proved that the defendant's name appeared on the paper in the same place, at the time of the trial, as when he signed it. The plaintiff proved that a seminary building was erected in Richmondville in 1853, and a school commenced in it in October of that year; that the cost of the building was $20,000, or thereabouts, about half of which sum remained unpaid when the building was completed; and that payment of defendant's subscription was demanded of him and refused before suit. The plaintiff put to a witness,

John Westover, the following question: "Were the debts contracted by the trustees and officers of plaintiff on the faith of and relying upon the subscription made?" The defendant's counsel objected to the question on the grounds: 1. It is irrelevant; 2. It calls for a conclusion of the witness, and not a fact. The referee overruled the objection, and the defendant's counsel excepted. The witness answered, "They were." The referee reported in favor of the plaintiff for $251.41. The defendant excepted to the report, and appealed to the Supreme Court, where the judgment was affirmed.

*Abraham Becker*, for the respondent.

*Henry Smith*, for the appellant.

SMITH, J. The defendant's counsel insisted before the referee that the complaint does not allege, nor does the evidence show, that the plaintiff is a corporation. That point is not mentioned in the argument submitted to us, nor, as appears by the opinion of the Supreme Court, was it strenuously urged in the appeal at General Term. It is, therefore, to be regarded as abandoned, and, indeed, it is shown by the opinion referred to to have no merit. Among the points now relied upon by the counsel for the appellant, are two that were presented to the court below: 1. That the defendant's mere subscription to the paper did not make him liable, unless his subscription was accepted by the plaintiff, and he became a legal shareholder of the stock, of which there is no evidence; and, 2. That his promise was without consideration. The opinion of the Supreme Court, delivered by the presiding justice, WRIGHT, shows that these positions were carefully considered by that tribunal, and in my judgment they are clearly demonstrated to be erroneous. The reasoning adopted by the learned judge is, that the paper signed by the defendant was in form a subscription to the stock of the plaintiff; that at the time of subscribing he was requested to take stock in the seminary; that the paper was presented to him, and he subscribed for eight shares of the

stock; and that the facts that the paper came to the possession of the plaintiffs, and they produced it on the trial as the basis of their claim, and that they called on the defendant to pay his subscription, which he declined to do, assigning no reason therefor, leave no question as to the acceptance of the subscription by the plaintiff's trustees, and the defendant's right to the number of shares of stock subscribed for by him. That the obligation resting on the corporation to issue stock to the defendant to the amount of his subscription, and his consequent power to control the corporation to the extent of his stock, constitutes a sufficient consideration for his promise to pay for it, and, besides, the paper signed by him is equivalent to a request to the plaintiffs to go forward and erect buildings, as they were authorized to do by their act of incorporation, and the detriment to them, occasioned by their having done so, and thereby having contracted a debt, is also a good consideration for the defendant's promise. These views are unquestionably correct, and decisive of the points to which they relate.

The argument submitted to us on the part of the appellant presents, however, one or two points in addition to those discussed in the opinion delivered in the court below. It is now insisted that the referee erred in permitting the witness Wendover to testify that there were debts contracted by the trustees and officers of the plaintiff on the faith of and relying upon the subscription. Of the two objections to the question taken at the trial, the only one now urged is, that it called for a conclusion of the witness, and not a fact. If it be assumed that the witness had such an acquaintance with the acts of those who contracted debts as the agents of the plaintiff, as to enable him to speak to the subject, the overruling of the objection was not erroneous. The question called for a fact, and not for an opinion. If the opposite party wanted the witness to state the matter more in detail, he could have cross-examined him for that purpose. (33 Barb., 229, 235, 236.) It is not now objected that the question was leading. It was not objected at the time that the witness was not shown to have such an acquaintance with the subject

matter as to make him competent to answer the question. If that objection had been taken, it is to be presumed it could have been obviated. Indeed, it was proved that the witness was the vice-president and one of the trustees of the corporation, and it may be presumed that, if the objection last suggested had been taken, the plaintiff could have shown that the witness had sole personal charge of the construction of the building, and the contracting of debts therefor, under the authority of the board of trustees, and thus that the question related to a matter which was within his personal knowledge. A party objecting to evidence should state specifically the precise ground of his objection (20 Johns., 357; 5 Barb., 398), and in such plain and unequivocal terms as to leave no room for debate about what was intended. (3 Comst., 47, 51.) The objection stated was properly overruled.

There is no force in the position taken by the appellant's counsel that the referee erred in finding that the plaintiff incurred liabilities, &c., upon the faith of the subscription of the defendant *and others.* The ground taken is, that there is no evidence that any person but the defendant subscribed to the stock, or made any promise to the plaintiff. It was not essential to the plaintiff's right of action against the defendant to show that the other signatures to the subscription were genuine. The defendant's promise was several, and it was not upon condition that others should subscribe.

The judgment should be affirmed.

Judgment affirmed.