## EDWARD WALLIS, Appellant, *v.* JAMES J. RANDALL, Impleaded, etc., Respondent.

In an action to recover a balance of the purchase-price of plaintiff's interest in certain grist-mill property, the question at issue was as to whether a mortgage, executed by a third person to plaintiff at the time of the conveyance was received by him as payment or as security merely. The evidence, on the trial, as to this was conflicting. Plaintiff testified that when the proposition to give the mortgage was made he objected, that defendant represented it to be good and ample security, that "the farm was worth it;" that he finally took it as security; that a prior mortgage was thereafter foreclosed and the farm brought only enough to pay it. After evidence had been given on the part of defendant tending to show that the mortgage was given in payment, he was allowed to give evidence under objection and exception, to the effect that at the time the mortgage in question was given the mortgaged premises were worth more than the amount of the two mortgages. *Held,* no error; that the testimony was competent in answer to and explanation of plaintiff's evidence; and that it was no answer to this, that such evidence came out necessarily as a part of his case.

A witness for the defendant was permitted to give testimony under objection and exception to the effect that the contract in question was abandoned and a new verbal contract was made, and that under this the balance of the purchase-price was to be paid by the mortgage. *Held,* no error.

Where an objection is interposed to an answer to a question after it is given, it is not a ground of reversal if a portion of the answer is competent; the objection must point out specifically the objectionable portion.

*It seems* that it is incompetent for a witness to testify as to what another person did or did not understand from a transaction.

Plaintiff offered in evidence a letter written to him by P., who made the purchase in question jointly with defendant, and who was named as defendant, but was not served with process, written several years after the contract in question, and containing statements tending to sustain plaintiff's claim. This was objected to and excluded, the court holding that it could only be used for the purpose of contradicting and discrediting P. as a witness. *Held,* no error; that defendant could not be affected by such declarations of P. as they were not partners and P. was in no sense agent of defendant.

One joint debtor cannot bind another by his statements or admissions unless he is the agent or in some way the representative of the other and authorized to speak for him; the mere fact of joint liability does not give the authority.

(Argued April 13, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendant Randall entered upon a verdict. (Reported below, 16 Hun, 33.)

The nature of the action and the facts are sufficiently set forth in the opinion.

*W. E. Lansing* for appellant. Whether the $4,800 mortgage was taken as a payment on the contract or as a security therefor, being the sole issue, evidence of the value of the farm was immaterial and calculated to have a mischievous and improper effect upon the jury. (*Newman* v. *Goddard*, 5 N. Y. Sup. Ct. 301; *Stokes* v. *People*, 53 id. 164; *Mathews* v. *Smith*, 5 Weekly Dig. 167; *Green* v. *Disbrow*, 56 N. Y. 334; *Townsend Manuf. Co.* v. *Foster*, 51 Barb. 446.) The eighth interrogatory and answer of the witness Pierce taken on commission were incompetent. (*People* v. *Mather*, 4 Wend. 224–248; *Williams* v. *Eldridge*, 1 Hill, 249; *McGuire* v. *The People*, 5 N. Y. Sup. Ct. 682.) The court erred in not allowing, as evidence in chief, that portion of the letter of the defendant Edward Pierce which related to acts accompanying the execution of the contract. (1 Greenl. Ev., § 171 [12th ed.]; 7 Cranch, 500; 2 Doug. 652; 1 Blatchf. 297; 11 East, 512; *Brandt* v. *Van Cortland*, 17 Johns. 335; *Jackson* v. *Vail*, 7 Wend. 125; *Lewis* v. *Wadsworth*, 2 N. Y. 512; *Simmons* v. *Sisson*, 26 id. 264; 21 Barb. 241; 3 J. J. Marsh. [Ky.] 498; *Miller* v. *Barber*, 11 N. Y. Sup. Ct. 802.) This letter would be competent if Pierce was not a party to the record. (1 Greenl. Ev., § 180; 16 East, 141; Phillips on Ev. with Cowen and Hill's notes [4th Am. ed.] 498; 1 Taunt. 104.)

*L. B. Kern* for respondent. Whether some of the questions to Pierce on his examination on commission should have been excluded as leading, addressed itself to the discretion of the court at the trial. (2 R. S. 396 [6th ed.]; 3 R. S. 656; *Cope* v. *Sibley*, 12 Barb. 521–524–526; *Hall* v. *Barton*, 25 id. 274–279.) Pierce was in no sense a party to the action. (14 Barb. 536;

27 How. 377; 47 Barb. 131.)   An admission made by one of the members of a partnership after 'dissolution does not bind and cannot be given in evidence against the other.   (*Walden* v. *Sherburne*, 15 Johns. 409; *Hopkins* v. *Banks*, 7 Cow. 650; *Clark* v. *Gleason*, 9 id. 57; *Baker* v. *Stackpole*, id. 420, 434; *Hackley* v. *Patrick*, 3 Johns. 536; *Van Keuren* v. *Parmelee*, 2 N. Y. 512, 523, 529; *Bloodgood* v. *Bruen*, 8 id. 362.)   To warrant the receiving of admissions of one partner to the prejudice of another they should have a joint interest in possession not a mere community of interest.   (1 Esp. N. P. C. 135 ; *Hackley* v. *Patrick*, 3 Johns. 536; *Smith* v. *Ludlow*, 6 id. 267, 269 ; *Whitney* v. *Ferris*, 10 id. 66.)   If defendants had been tenants in common of the land the admission of one would not bind the other.   (*Dan* v. *Brown*, 4 Cow. 483.)

Earl, J.   This action was brought to recover the balance due the plaintiff upon the sale by him of certain real estate to the defendant Randall and to Edward Pierce who is named as a defendant, but was not served with process, and who is therefore not a party to the action.   The defense litigated was that Randall and Pierce caused a certain mortgage to be executed by other parties to the plaintiff, which he received in payment of the amount due him.

It was undisputed on the trial that the alleged mortgage was executed, and taken by the plaintiff, but he claimed that he received it only as security for the balance due him; and whether he received it as payment or as security was the only matter of fact in controversy on the trial.   There was conflicting evidence as to this matter, and the verdict of the jury has determined that plaintiff's claim was paid in the way alleged in the answer. We have, therefore, only to determine whether any error was committed by the judge at the trial in his rulings upon questions of evidence.

The plaintiff, as a witness on his own behalf, gave evidence showing that the mortgage was a second mortgage upon a farm, payable in eight annual installments; that when the defendant and Pierce proposed to give it to him he objected to taking it,

and that defendant Randall represented that it was good and ample security. To this evidence defendant's counsel objected, unless he was permitted to show what the farm was worth. Plaintiff's counsel stated that he offered to show what occurred at that time. The court decided to hear the evidence, and defendant's counsel excepted. Plaintiff then further testified that defendant Randall said the mortgage was good and ample security, and that " the farm was worth it ; " that he finally took the mortgage as security and held it for several years, when the prior mortgage was foreclosed and the farm brought only enough to pay such prior mortgage.

After the plaintiff had given this and other evidence, and closed his proofs, the defendant called witnesses, and after giving evidence tending to show that the mortgage was given to the plaintiff in payment of the balance due him, proposed to ask one of his witnesses this question : " What was that farm " (the mortgaged farm) " worth on the 1st day of April, 1869 " (the date when the mortgage was given to the plaintiff)? Plaintiff's counsel objected to it on the ground that it was incompetent and immaterial. Defendant's counsel stated that he offered the evidence for the purpose of showing that the farm was worth just what plaintiff testified that defendant said it was worth. The court overruled the objection, and the witness answered that it was worth not far from $65 to the acre. Similar evidence was given against plaintiff's objection by other witnesses, and the evidence thus given showed that the farm was good security for both mortgages.

We think the evidence was competent, under the circumstances of this case. The plaintiff had given evidence that Randall had represented that the farm was good security for the amount of this mortgage, and that when sold it proved to be no security whatever. This evidence, unexplained, would have been quite damaging to the defendant. It would have enabled the plaintiff to present to the jury the strong improbability that plaintiff would have taken a very insecure, if not worthless, mortgage in absolute payment of his claim. The evidence was proper in answer to, and in explanation of, evidence given by

the plaintiff. It is no answer to this that plaintiff's evidence on this subject came out necessarily as part of his case. It matters not how plaintiff came to put in the evidence. It is sufficient that he put it in, and it was proper to allow the defendants to meet it and parry its force. From the facts stated it will be seen that this case differs from the case of *Green* v. *Disbrow* (56 N. Y. 334), the authority of which we do not disturb.

Pierce was a non-resident of this State, and his evidence was taken by commission, and his deposition was read at the trial on behalf of the defendant. After he had stated in reply to prior interrogatories that the contract for the purchase of plaintiff's grist-mill property, which is set out in the complaint, had been made, the seventh interrogatory was read as follows: " Was said contract for the purchase of Wallis' interest in said grist-mill property abandoned by the parties thereto?" The answer was: " It was, and a new verbal contract was made for the whole of the grist-mill property." Plaintiff's counsel objected to this interrogatory and the answer, and the objection was sustained. We think the question and answer were competent. Whether a contract has been abandoned and a new contract made in its stead is a fact which a witness can state, if he knows it. He need not be called upon to state all the facts and circumstances which tend to show the abandonment. It is a complex fact susceptible of direct statement, if within the knowledge of the witness. The party against whom the witness is called may call out all the circumstances on cross-examination, if he desires them, in explanation or qualification of the principal fact directly stated.

Then the eighth interrogatory was read as follows: " Did your wife, Eliza Pierce, and James J. Randall enter into a verbal contract with Edward Wallis and Samuel C. Corbin, after the abandonment of the other contract, for the purchase of the whole of the grist-mill property ; when and what price?" To this plaintiff's counsel objected upon the ground " that it calls for a conclusion of law, making the witness a judge of what constitutes a contract; and also the judge of what con-

stitutes the annulment of another contract, and does not call for the facts and circumstances and manner in which either was done, and that it is leading." The objection was overruled and the answer was read as follows: "They did about the 20th of March, 1869, at the price of $8,800." The plaintiff's counsel then objected to the answer, and asked to have it stricken out, on substantially the same grounds as above, and the judge overruled the objection and denied the motion. For reasons above stated, no error was committed here. It has frequently been held that a witness cognizant of the fact can state whether an agreement was made, without detailing the circumstances showing that it was made. (*Sweet* v. *Tuttle*, 14 N. Y. 465; *Frost* v. *Benedict*, 21 Barb. 247; *Ayrault* v. *Chamberlain*, 33 id. 229; *R'ville Union Sem.* v. *McDonald*, 34 N. Y. 379; *Osborn* v. *Robbins*, 36 id. 365.) For the same reasons the objections to the eleventh, twelfth and thirteenth interrogatories put to the same witness were properly overruled.

The fourteenth interrogatory was as follows: "How was the said purchase-price of said mill property to be paid, and when, by the terms of said agreement?" This was objected to by plaintiff's counsel on the same grounds as above, and the objection was overruled, and the answer was read as follows: "$4,000 on the first day of April, 1869, and the balance of $4,800 to be paid in a mortgage on the old Randall farm." I can perceive no objection to this evidence. The witness had testified that there was a verbal agreement, and he had given the terms of it, and here he was only asked to give some of the particulars of the agreement. This he could do. There was no other way to prove them. If $4,800 was agreed to be paid by the mortgage, that was a fact which he could state, if he knew it; and for the same reason, the sixteenth interrogatory was competent.

Some of the interrogatories put to this witness were leading; but it is too well settled now to be questioned that it is not error for a trial judge to permit leading questions.

Randall, on his examination on his own behalf, testified, among other things, as follows: "Wallis never in any way

stated to me that he took the mortgage as security; he never understood it was security." Following this evidence the printed case has the following: "Objected to by plaintiff's counsel. Court overruled objection. Plaintiff's counsel duly excepted." It is not certain that the mind of the judge was called to the particular point now made. It does not clearly appear to how much of the preceding evidence the objection was intended to apply. Some of the evidence was competent. If the objection had been pointed distinctly to the last clause, it would have raised a serious question. I do not believe that a witness is competent to testify in such general terms to what another person did or did not understand. But this was an objection interposed after the evidence was out, and it should have been more specific. We do not think it sufficient to call for a reversal of this judgment.

. The plaintiff offered to read, as evidence in chief, a certain letter written to him by Pierce, nearly seven years after the agreement, which was the subject of inquiry on the trial, was made, which contained some statements tending to sustain the plaintiff's claim that he took the mortgage only as security. The counsel for the defendant objected to the letter as evidence in chief, and the judge sustained the objection and held that the letter could be read only for the purpose of contradicting and discrediting Pierce as a witness. This ruling was clearly right. Randall could not be bound or affected by the declarations of Pierce at that time. They were not partners, and Pierce was in no sense an agent for Randall, so as to bind or affect him by his statements. A joint debtor has no authority to bind any other person jointly liable with him by his statements or admissions, unless he is the agent, or, in some other way, the representative of such person. The mere fact that he is a joint debtor never gives the authority. (*Van Keuren* v. *Parmelee*, 2 N. Y. 528; *Shoemaker* v. *Benedict*, 11 id. 176.)

I have thus examined all the allegations of error made before us, and I think the judgment should be affirmed.

All concur.

Judgment affirmed.