Boardman, J.
This is an appeal from a judgment entered upon the decision of the court at special term. The action was brought to foreclose a mortgage given by defendant and bearing date August 26, 1880, to secure the sum of $1,000 and interest, payable in one year thereafter. The answer (1) denies the complaint, except as afterwards admitted. (2) admits the execution of the mortgage in suit, but denies the delivery, and alleges that there was no *305 •consideration therefor, (3) Alleges the mortgage and bond were executed and placed in defendant’s agent’s hands to take up a prior bond and mortgage on defendant’s property on information and belief that her agent did not so use them, but instead paid said prior bond and mortgage with defendant’s money, and without using the bond and mortgage in suit; that afterwards such agent, without defendant’s knowledge or consent, delivered the bond and mortgage in suit to plaintiff’s assignor, and that plaintiff knew all such facts.
By the decision it is found that the prior mortgage was absolute, and to secure the payment of purchase money, that the mortgage in suit was made to take up the prior mortgage, and for that purpose only; that such prior mortgage was paid in cash by defendant’s agent and satisfied; that the mortgage in suit was not delivered, but simply left in the banking house of Grannis & Co. for safe keeping, and never became a valid obligation against the defendant; that upon the 26th day of January, 1884, William A. Hobble, defendant’s agent, who left the mortgage as aforesaid, was owing nothing to Grannis & Co., or to the individual members of said firm, of whom the mortgagee was one. Upon the facts found the complaint was dismissed, with costs.
The prior mortgage was known as the Whittemore mortgage. It became important on the trial to know the consideration of that mortgage. The plaintiff contended it was a collateral security for the notes of William A. Hobbie held by Grannis & Co., just as Grannis & Co. held the defendant’s mortgage. The defendant contends that the former mortgage was given for the purchase money of the property mortgaged and was not a collateral security. The learned judge has found with the defendant, and so it follows that defendant’s mortgage was diverted by her agent to his private use as a collateral to his personal debts.
On this issue the plaintiff was called and asked: “For what purpose was the Whittemore mortgage held by the bank?” The answer that it was held as collateral security for indebtedness of W. A. Hobbie,” was, on objection of defendant’s counsel, stricken out, and plaintiff excepted. We have no doubt this ruling was erroneous and the evidence was admissible. Indeed, the defendant in effect concedes it, but claims that it was obviated by answers after-wards given at folios 151, 153. But in neither folio does the witness give an answer equivalent to that stricken out. Indeed, the court evidently treats the direct answer, that it was held as collateral, as a conclusion and not competent *306 evidence of a fact. At folio 157, the court in effect decides that the Whittemore mortgage was absolute and not collateral. The plaintiff, however, is there allowed to prove it to have been a security for Mr. Bobbie’s debts, “if he can.” Clearly the answers at folios 151, 153, are not considered as supplying the evidence stricken out.
. If the Whittemore mortgage was held by Grannis & Co. as collateral to the notes of William A. Bobbie, and the mortgage in suit was given to take up the prior mortgage, it was no diversion for W. A. Bobbie to make the substitution. On so close and vital a question we do not think the error can be disregarded. That the evidence was competent we cite Wallis v. Randall (81 N. Y., 164), Osborn v. Robbins (36 N. Y., 374), Sweet v. Tuttle (11 N. Y., 472).
It was a part of plaintiff’s case to prove the indebtedness of W. A. Bobbie, for which it was claimed that the mortgage in suit was a security. The defendant had proved by W. A. Bobbie, and the court finds, that all debts and demands owing by W. A. Bobbie to Grannis & Co. had been paid prior to January, 1881. Without proof of indebtedness from Mr. Bobbie to Grannis & Co. the plaintiff necessarily must be defeated. Yet such evidence was rejected because such debts were “incompetent, improper and immaterial as against Abbie Bobbie.” We think this ruling was erroneous.
We should hesitate in an equity case to reverse for an error in rejection of evidence unless it was pertinent and forcible upon the issues tried. We think the evidence rejected was of that character. A question is made by appellant, upon the merits, that the decision is not warranted by the evidence. The evidence, oral and written, tends to show that the Whittemore mortgage was a collateral to Mr. Bobbie’s debts, that the mortgage in suit was given to take its place and for the same purpose, that the prior mortgage was never paid in cash, and that there has been no diversion of the mortgage in suit from the purpose for which it was made by the defendant. The rejected evidence would have borne strongly upon the turning point in the case.
Without therefore passing upon the weight of evidence, we conclude that for the errors in the rejection of evidence, as stated above, the judgment must be reversed and a new trial granted, with costs to abide the event.
Bardin and Follett, JJ., concur.