AUGUST WEIDNER, Respondent, *v.* TIMOTHY G. PHILLIPS, Appellant.

In an action to recover damages for fraud in the sale or exchange of a lot of marble, the complaint alleged, and plaintiff's evidence tended to show, that he agreed to sell a hotel property for $5,100 to defendant, who agreed to pay by assuming a mortgage of $1,000 thereon, paying plaintiff $1,100 in cash, and transferring to him a lot of marble which defendant represented to have cost him and to be of the market-value of $3,000. It was further alleged that defendant colluded with one F. to appraise the marble at a fictitious value, and that F. did so. It was conceded on the trial that the actual cost and value of the marble did not exceed $1,000. Defendant denied having made false statements as to the cost of the marble, and gave evidence which, if credited, would have justified a finding that both he and F. told plaintiff the marble cost between $800 and $1,000, and gave evidence tending to disprove that a fixed price was agreed upon in the exchange for the plaintiff's property. Defendant then offered to prove that at the time of the sale the hotel property was not worth $5,100, or anything like that sum. This was excluded on plaintiff's objection, and defendant excepted. *Held,* error; that the fact as to the agreement being in dispute, the real value of plaintiff's property was an element for the jury to consider in determining which version was correct.

*Weidner* v. *Phillips* (39 Hun, 1), reversed.

(Submitted April 25, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*W. S. Thrasher* for appellant.   The defendant made no statement or representation upon which an action could be predicated, unaided by other concurrent circumstances tending to prove fraud. (*Ellis* v. *Andrews*, 56 N. Y. 83; *Chrysler* v. *Canaday*, 90 id. 272; *Long* v. *Warren*, 68 id. 426.)   To entitle the plaintiff to recover for false representations the representations as to an existing fact must have been untrue, and known to the defendant to be so, and must have been made with intent to deceive, and the plaintiff must have acted in reliance upon them under circumstances justifying such reliance. (*Babcock* v. *Libby*, 53 How. 255; 17 Hun, 131.) If the evidence is capable of an interpretation equally as consistent with innocence as with guilt, the former meaning must be given to it. (*Morris* v. *Talcott*, 96 N. Y. 100; *Warner* v. *W. T. Co.*, 5 Rob. 490.)   The plaintiff must have been misled and deceived as to the value of this marble, without fault on his part, otherwise he cannot recover. (*Danning* v. *Bowe*, 16 Week. Dig. 119; *Schwab* v. *Elias*, 2 Civ. Pro. Rep. 340; *Townsend Mfg. Co.* v. *Foster*, 51 Barb. 347; *E. R. Bk.* v. *Hoyt*, 22 How. 478; *Hubbell* v. *Meigs*, 50 N. Y. 484.) The measure of damages was the difference between the amount actually paid and what he was fraudulently induced to believe it was worth. (*Miller* v. *Zeimer*, 17 Week. Dig. 391.)

*M. T. Jenkins* for respondent.   Evidence as to plaintiff's conversation with Fisher as to the value of the marble was properly received. (*Tappin* v. *Powers*, 2 Hall, 272; *Cuyler* v. *McCartney*, 40 N. Y. 221; *Dewey* v. *Mayer*, 72 id. 70.) In any event, if it was error, the verdict of the jury could not have been affected by it, and should not be disturbed. (*Hobert* v. *Hobert*, 62 N. Y. 84; *Foot* v. *Becker*, 78 id. 158.)

BROWN, J. This action was brought to recover damages for fraud in the sale or exchange of a lot of marble.

The plaintiff was the owner of real estate at Cherry Creek,

in Chautauqua county, upon which he carried on a hotel business. In the month of July, 1881, he sold this property to the defendant, and he alleged in his complaint, and claimed on the trial that, in the agreement for the sale, the price of the hotel property was fixed and agreed upon at the sum of $5,100, which sum defendant agreed to pay by assuming a mortgage of $1,000 on the property, and paying to plaintiff $1,100 in cash, and transferring to him a lot of marble which defendant represented to have cost him and to be of the market-value of $3,000. The fraud consisted in the false statements as to the cost and value of the marble. It was further alleged and claimed that defendant colluded with one Fisher to appraise the marble at a fictitious value, and that Fisher did appraise it at the sum of $3,000. It appears to have been conceded upon the trial by all the parties that the actual cost and value of the marble did not exceed $1,000.

Defendant denied the false statements as to the cost of the marble, and gave evidence which, if it had been credited by the jury, would have justified the finding that both he and Fisher told plaintiff that the cost and market-value of the marble was between eight hundred and one thousand dollars, and defendant denied, and gave evidence tending to disprove, that a fixed price was agreed upon in the exchange for the plaintiff's property.

Upon the trial the defendant offered to prove by a witness, Reynolds, that at the time of the sale the hotel property was not worth $5,100 or anything like that sum. This evidence, upon plaintiff's objection, was excluded, and defendant excepted to the ruling of the court. We think the court erred in excluding this evidence, and for such error the judgment must be reversed. No objection was made to the form of the offer to make the proof. The objection was to the testimony. The foundation of the plaintiff's claim was that the price of the hotel was fixed in the agreement to exchange at $5,100, and that this sum was to be paid by defendant by the assumption of the mortgage upon the property of $1,000, the payment of $1,100 in money, and the transfer of the marble. His testi-

mony, as to the transaction, is as follows: He (defendant) says, "How much do you ask for your property?" I told him, "I had made up my mind that this property was worth $5,100." He said "All right." I said to him, "And you say you have got $3,000 worth of marble?" He says "Yes, that is what I have got." I said to him, "And I don't want your marble and allow you any more than the marble cost you at the quarry, and what it cost you to bring it here;" he said "Yes; that is all I calculate to get for it." I said to him, "Then if you have got $3,000 worth of marble, I shall want $2,100 to boot, but if you have not got that amount, I shall want more, for I don't want to let my property go less than $5,100; I would not take any less if you paid me the money;" he said "All right." Again, he testified: Phillips said, "I think you have got that property of yours a little too high, you ought to call it just an even $5,000;" I told him "I would not do that; that if he did not want to allow me what we agreed on at my house, I would go home and we would say no more about it; he said $100 hadn't ought to split us; I told him it would split us unless he traded as we talked it over at my house;" he said, "Let's split the difference and call it $5,050;" I told him that there was no use of talking, that I would not trade any different than what was talked of at my house; he said, "All right, if you don't want to trade any other way I will call it a bargain."

This conversation was denied by defendant, and he denied that any sum was fixed or agreed upon as the selling-price or consideration for the hotel property. Upon the issue thus presented to the jury we think evidence as to the value of the hotel property was admissible. The parties might, of course, in their agreement fix upon any sum as the value of the property, but when the fact as to the agreement was in dispute the real value was an element for the jury to consider in determining which version of the story was the correct one.

The price of $5,100 fitted exactly the transaction as told by the plaintiff. The assumption of the mortgage on the land, the payment of $1,100 in cash, and the transfer of the

marble at a valuation of $3,000, made up the exact considera-tion, and plaintiff's evidence thus appeared consistent with the facts of the transaction.

If it had been proven that the real value of the hotel instead of being $5,100 had been only $3,000, it would have tended to corroborate the defendant's version of the transaction and give color to his statement, that the marble instead of being put into the trade at $3,000 was taken at its actual cost of about $1,000. Otherwise, the plaintiff would have appeared to be receiving in the trade $2,000 in excess of the value of his property, and if the jury had believed that fact, it would have destroyed all inference of false and fraudulent statements which plaintiff's evidence tended to establish against the defendant, and which the jury appeared to have believed.

We think this evidence was admissible, and that its value was for the consideration of the jury, and we cannot say that, had it been admitted, it might not have led to a different result. Its rejection was fatal to the judgment, which should be reversed and a new trial granted, with costs to abide the event.

All concur, except BRADLEY and HAIGHT JJ., not sitting.

Judgment reversed.