JACOB RUBINS, Appellant, v. WILLIAM L. SCOTT, Respondent.

*Court of Appeals, December* 10, 1889.

Affirming 21 J. & Sp. 537, Mem.

1. *Evidence.*—Where the subject of a negotiation was matter of inquiry and evidence on the examination of a witness in chief, it is competent to show, as part of the transaction, on his cross-examination, how long a time was occupied, or how many interviews were had between the witness and the party, for the consummation of the contract.
2. *Same.*—Where, in an action to recover an alleged agreed compensation for services, the fact of the agreement is in issue, evidence on the part of the defendant of the value of such services is competent as bearing upon the issue.
3. *Pleadings. Amendment.*—Where a plaintiff, in an action on a special contract, seeks to recover upon a *quantum meruit*, an objection will be sustained, unless an amendment of the complaint in this respect has been permitted.

Appeal from a judgment of the general term of the superior court of the city of New York, affirming a judgment entered upon a decision of the court.

*Joseph M. Deuel*, for appellant.

*Thomas G. Sherman*, for respondent.

BRADLEY, J.—The plaintiff sought to recover upon a contract, alleged to have been made between him and the defendant, whereby the latter employed the plaintiff to assist him in making the purchase of the first mortgage bonds of the Columbus, Chicago & Indiana Railway Company, by ascertaining the names of the owners of bonds and introducing the defendant to them and obtaining interviews between him and such owners with a view to negotiate for the purchase of them, and agreed by way of compensation for his services to give the plaintiff one-half the profits he, the

defendant, should realize by the sale of any of the bonds he should purchase, also to give the plaintiff the benefit of a purchase of 100 of such bonds at the then market value of $860 per bond, and to allow him a commission of one-half of one per cent on all bonds purchased through such aid or influence of the plaintiff. The plaintiff also alleges that the defendant did afterwards purchase a large amount of such bonds through the aid and influence of the plaintiff, given by the latter pursuant to such agreement; and that the defendant afterwards sold them at a large advance upon the price paid by him for them. And the plaintiff, by way of relief, asks for an accounting by the defendant with a view to recovery of the amount to which, by the terms of the contract, the plaintiff was entitled. The evidence of the plaintiff tended to support his allegations of the contract and its performance by him; and that the defendant purchased such bonds, amounting to several millions of dollars, and had refused to account to the plaintiff for the results of his purchases and sales, or to pay his share of profits, commissions, etc. But by the evidence of the defendant that of the plaintiff in respect to the alleged agreement was distinctly and fully contradicted, and his evidence tended to prove that he never employed the plaintiff to in any manner assist him in the purchase of such bonds, or to do any act to open the way to the purchase of them by him, and did not promise to pay him anything for services in that behalf. The trial court upon this conflict of evidence found that the defendant neither agreed to employ the plaintiff nor did employ him in the matter referred to, and never agreed to pay or give him anything on that account. The facts so found were warranted by the evidence, and it must, for the purposes of this review, be assumed that the alleged agreement was not made between the parties.

It seems that the bonds purchased by the defendant were held by Iselin & Co., bankers in the city of New York, and that negotiations for them were had by the defendant with

the senior member of the firm. In the course of the cross-examination of the latter as a witness on the trial by the defendant's counsel, he was asked, Were there not two distinct negotiations between you and Mr. Scott? Which was answered in the affirmative after objection and exception taken by the plaintiff's counsel, who contends that the reception of the evidence was error. The subject of the negotiation was matter of inquiry and evidence on the plaintiff's examination of the witness in chief, and no reason appears why it was not competent to show how long a time was occupied, or how many interviews were had between the witness and the defendant for the accomplishment of the sale and purchase of the bonds. While that did not necessarily have any bearing upon the question whether the negotiations and purchase resulted from the act and influence of the plaintiff in bringing those parties together in the first instance for that purpose, it was competent as a part of the transaction to which the matter in controversy related and as having relation to the manner of its performance. The plaintiff's counsel also took exception to the reception of evidence of the usual rates of commission in the city of New York for buying and selling railway bonds, and argues that it was incompetent for any purpose. No objection to the competency of the witness was specifically taken, and therefore that ground, now urged, requires no consideration. Evidence of that character is not competent to contradict the terms of an agreement, free from ambiguity, or to qualify their legal effect upon the rights or liabilities of the parties to the contract. Hopper *v.* Sage, 112 N. Y. 530; 21 N. Y. State Rep. 491. The evidence may have had some bearing upon the question of the value of the alleged services of the plaintiff, and if evidence, with that view, was admissible for any purpose, there was no error in that ruling.

In Weidner *v.* Phillips, 114 N. Y. 458; 23 N. Y. State Rep. 762, it was held that where the fact of an agreement for the sale of property for a specific price is in dispute upon

the trial, evidence of its value may be given as bearing upon the question. There is no reason why the same rule may not be applicable to that arising out of the disputed fact whether the defendant by agreement undertook to allow and pay to the plaintiff the amount of commissions, etc., for his services as claimed by him. In that view the exception was not well taken.

It is also urged that the plaintiff was entitled to recover upon the *quantum meruit* when the court found that the alleged agreement was not made. It appears by the complaint that the action was founded solely upon an alleged special contract. No request was made at the trial to amend the complaint, nor was any evidence introduced or offered by the plaintiff with a view to any basis of recovery other than that of such contract. If, however, the trial court had found the performance of services by the plaintiff for the defendant at the request of the latter, and directed judgment for their value, it may be that the complaint may have been deemed so amended as to conform to the facts proved in its support, and such situation might be recognized and effect given to it on review, especially if no objection had been taken by the defendant calling attention to the issue made by the pleadings. But that rule will not be applied for the purpose of reversal of a judgment, unless the facts proved in departure from those alleged constitute a variance merely, when it will be disregarded. Here the substantive cause of action is on an alleged agreement containing express stipulations completely defining the rights of the parties and the nature and measure of the compensation peculiar to itself, arising from its performance, which the plaintiff alleged he was entitled to. If the plaintiff had sought to prove the value of his services for the purpose of recovery upon the *quantum meruit*, an objection would have been sustained unless an amendment of the complaint had been permitted.

The trial court, however, found that the plaintiff did not aid the defendant in purchasing the bonds or in ascertain-

ing or obtaining the names of owners of them or their agents; that the plaintiff rendered no services of value to the defendant, and that the defendant purchased none of the bonds referred to through the plaintiff, or by means of his influence. Those findings were permitted by the evidence. The construction which may fairly have been given to the evidence of the defendant, and which it must here be assumed was given to it by the trial court, justified the conclusion that there was no employment of the plaintiff by the defendant to perform any services in relation to the matter in question, and that there was no promise, either express or implied, on the part of the latter to pay the plaintiff anything arising out of any transaction between them or resulting from services performed by him. And the personal interest of the plaintiff in the event of the action presented the question of his credibility, upon which the determination of the court below must here be deemed conclusive.

We have examined all the requests and refusals to find, and assuming that such requests were made by the plaintiff, none of the exceptions taken to such refusals seem to furnish any ground of error. Those of them embracing facts essential to the plaintiff's right of action and recovery, which were not found as requested, the court was permitted by the evidence to decline, as it did, to find. As before suggested, the evidence did not require the court to find a state of facts in support of any recovery by the plaintiff.

The view taken renders it unnecessary to refer more specifically to the numerous requests to find and the refusals to which exceptions are said to have been taken.

The judgment should be affirmed.

All concur.