### GATES v. BOWERS.

(Supreme Court. Appellate Division, Third Department.    May 3, 1899.)

1. WITNESSES—IMPEACHMENT—CROSS-EXAMINATION.
   On an issue whether produce levied on by plaintiff belonged to his judgment debtor, the latter testified that he had not worked the farm on which the produce was raised on shares, and on cross-examination denied making a different statement to L., who thereafter testified that the debtor had made a different statement.  *Held*, that defendant, the owner of the farm, might inquire of L., on his cross-examination, if he had not obtained a quitclaim from the debtor to a farm on which he had a mortgage, after his attorney had informed him that the debtor could not run defendant's farm, because everything he got could be taken by his creditors.

2. CONTRACTS—EVIDENCE—PARTIES.
   Where plaintiff seeks to sustain a levy on produce on defendant's farm as having been acquired by the debtor under a contract between defendant and the debtor to work the farm on shares, and introduces evidence of the acts of the parties to the contract, defendant is entitled to introduce evi-

dence as to what he did under the contract, showing that the debtor was employed to work the farm for wages, though plaintiff had nothing to do with the transactions.

·3. SAME—INSOLVENCY.
   In corroboration of the testimony of the debtor that he made the contract to work for wages because he did not have the means to work on shares, his testimony as to the amount of his debts, showing his insolvent condition when the contract was made, is admissible.

4. SAME—WAGES.
   His testimony that certain produce was applied on his wages is not inadmissible, as assuming that he worked for wages, as the court might make the assumption for the purpose of his testimony.

5. APPEAL—HARMLESS ERROR.
   A party who has introduced the testimony of a referee as to what an opposing witness testified before him, without objection by the other party, for the purpose of impeaching a witness, is not prejudiced by a refusal to admit the minutes of the testimony signed by the witness, where the referee refers to them in giving his testimony.

Appeal from Madison county court.

Action by Francis H. Gates against Sidney L. Bowers. From a judgment for defendant and an order denying a motion for new trial, plaintiff appeals. Affirmed.

Appeal from a judgment in favor of the defendant entered upon a verdict of a jury upon the trial in the Madison county court, and from an order denying a motion made upon the minutes for a new trial. The action was brought to recover the value of an undivided half of certain oats, wheat, buckwheat, potatoes, corn, pigs, hay, and straw, the produce of three farms in the town of Cazenovia, Madison county, which belonged to the defendant. Alfred J. Brown lived upon one of these farms, in 1896, and the plaintiff alleged that he worked them on shares, under a contract with the defendant, and therefore was the owner of an undivided half interest in the produce. The plaintiff had a judgment against Alfred J. Brown and Wesley Rose for $340.40. The sheriff, upon an execution under said judgment against the joint and several property of said Brown and Rose, levied upon Brown's interest in said produce, and sold it, in due form, to the plaintiff. The defendant claimed to own it all, and refused, upon plaintiff's demand, to deliver any thereof to him, or to recognize any title in him thereto.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

C. A. Hitchcock, for appellant.
Michael Henry Kiley, for respondent.

LANDON, J. The trial of the case depended upon the single question whether Alfred J. Brown, against whose property the plaintiff's execution ran, worked the defendant's farms in 1896 upon shares. He worked the farms, but the defendant claimed that he did so as his servant for wages. There was no written contract, and the plaintiff's case rested mainly upon the alleged declarations of the defendant, and his acts, in conjunction with those of Brown, in the management of the farms, the procuring of supplies and labor, and the care and disposition of some of the produce. There was a sharp conflict of testimony upon most of these details. The jury found for the defendant, and, unless some one of the numerous exceptions of the plaintiff to the admission or exclusion of evidence requires a reversal, the judgment must be affirmed.

1. Alfred J. Brown was a witness for the defendant, and testified that he worked the farms for wages, and not upon shares. Upon cross-examination, he was asked if he did not tell his creditor, William P. Lucas, just prior to moving upon one of the farms, that, in addition to other resources which he mentioned, he expected to get one-half the crops from the Bowers farms. He answered, "No." The plaintiff afterwards called Lucas, who testified that Brown did tell him so. The defendant cross-examined Lucas fully in regard to his relations with Brown. It appeared that Lucas, at the time of the alleged statement, was negotiating with Brown to obtain the lease, and thus the possession, of a farm which was owned by Brown and mortgaged to Lucas; that Lucas did get the lease and possession, and afterwards foreclosed the mortgage, and obtained the farm for about seven dollars per acre; that, prior to the alleged statement of Brown, Lucas had been told by his attorney that Brown could not run the Bowers farm, and that anything Brown got his creditors could take; and that, because of such information, Lucas went to Brown to get the contract for the lease and possession of his farm. The plaintiff insists that it was error to receive the information which Lucas testified his attorney gave, because the plaintiff was not a party to it, it was hearsay, and was injurious, as tending to show that it was improbable that Brown, in his desperate pecuniary position, would attempt to work three farms on shares. The objection was not well taken. Brown, the defendant's witness, upon cross-examination by plaintiff, denied having made a statement to Lucas out of court different from his testimony. Plaintiff called Lucas, who testified that Brown did make it. The statement, if Brown made it to Lucas, was not evidence in contradiction of Brown's direct testimony, but only evidence tending to weaken confidence in his direct testimony by impeaching Brown's credibility. The defendant had the right, by the cross-examination of Lucas, to show, if he could, that Lucas was not a fit witness to testify in condemnation of Brown's veracity, and also to adduce circumstances tending to show the craftiness of Lucas in overreaching Brown upon that occasion, and thus to induce the inference that possibly Lucas was more to be distrusted than Brown in his version of what Brown said. The plaintiff tendered this incidental issue, and the defendant had the right to meet it by whatever was relevant to it, although, apart from this issue, the matters relevant to it were incompetent upon the main issue.

2. Brown's credibility was also attacked by plaintiff's asking him, upon cross-examination, if he had not made certain statements to other persons respecting the terms upon which he was working the defendant's farms, and by the plaintiff calling such persons to contradict him. The line of examination by which the defendant sought to sustain Brown's credibility took a wide range, involving not only the circumstances under which the impeaching declarations were alleged to have been made, but also embracing facts tending to show the improbability of his making them. The defendant might have lost his case if he had not gone to the utmost limit of the facts relevant to each particular form in which Brown's credibility was assailed. It would be tedious to set forth in detail all the particulars, and show

how they bore upon the incidental issue tendered in various ways by the plaintiff as to Brown's credibility. Such evidence is not to be tested by its relevancy to the main issue or admissibility upon it. We have examined the record with reference to each objection now urged, and find none that calls for reversal. The principle stated in the instance of Lucas covers the other instances.

3. The plaintiff's case rested upon inferences to be drawn from the declarations and acts of the defendant. The defendant, in addition to direct evidence to the effect that Brown did not work his farm on shares, adduced many facts and circumstances tending to show that he himself worked it, such as that he bought the supplies, hired and paid workmen, received the proceeds of sales, and that members of his family assisted in the work. Of course, the plaintiff had nothing to do with these transactions, but the plaintiff did not put in issue a contract between himself and the defendant, but the character or terms of a contract between Brown and defendant; and such terms were to be determined, so far as they were determinable by inferences, from the acts of Brown and defendant under the contract. The contract not being in writing, and the plaintiff seeking to establish its terms by the acts of Brown and defendant, in the nature of res gestæ, under it, it was open to the defendant to explain the acts adduced by plaintiff, and to show such other acts and transactions between him and Brown under it, and in the nature of the res gestæ of its performance, as tended to repel the inference sought to be deduced by the plaintiff, and sustain his own direct testimony by inferences in its support. Platner v. Platner, 78 N. Y. 90; Badger v. Badger, 88 N. Y. 547. These views dispose of many of the plaintiff's objections. There are others requiring particular mention.

4. Brown was permitted, over the objection of the plaintiff, to testify to the amount of his debts, and thus his insolvent condition, at the time he made his contract with the defendant. Whether such testimony is admissible depends upon the circumstances of the case. As a general rule, it may be said to be irrelevant, unless other evidence tends to show that the fact was considered in making the contract. In Green v. Disbrow, 56 N. Y. 334, it was excluded, the court remarking that nothing was said by the parties on the subject. In Bronner v. Frauenthal, 37 N. Y. 166, a similar fact was received, it appearing to have been mentioned at the time. Wallis v. Randall, 81 N. Y. 164; Weidner v. Phillips, 114 N. Y. 458, 21 N. E. 1011. This testimony was received in connection with other testimony given by Brown and the defendant, to the effect that, in negotiating the contract by which Brown was to work the farms, the defendant proposed to Brown to work them on shares or for wages, as he preferred; that Brown told defendant that he did not have the means to work them on shares, and must work for wages; and that they made the latter agreement. As the contracting parties referred to the circumstance, it was admissible to show its truth, as in part corroboration of their statement that they contracted with reference to it.

5. Brown was permitted to testify that certain money, goods, and produce were applied upon his wages. The objection is that their application upon his wages assumes that he was at work for wages.

The court could assume it for the purpose of the testimony of this witness, since he had testified that he was working for wages. The question is much like the one in Wallis v. Randall, supra.

6. The plaintiff's counsel having asked Brown if he did not testify before a referee in supplementary proceedings in the words specified in the question of counsel, and Brown having answered that he did not think he did so testify, plaintiff's counsel called the referee, who testified, without objection by defendant, that Brown did testify in the language used by counsel. Plaintiff's counsel then offered the minutes of Brown's testimony taken at the time by the referee, which were subscribed by Brown, as to the same fact. Upon defendant's objection, they were excluded. If, when plaintiff's counsel asked the referee if Brown did not testify in the language used by counsel, the defendant had objected that the minutes signed by Brown were the best evidence, the case would have been like Kain v. Larkin, 131 N. Y. 309, 30 N. E. 105. The witness and the defendant were entitled to be confronted with the record, but when the plaintiff chose in the first instance to waive it, and the defendant made no objection, the case becomes unlike the one cited. But the fact appears to be that the referee referred to the minutes in giving his testimony. We do not mean to hold that the plaintiff could not corroborate the referee by producing the minutes. We think he, in effect, did so, and was not prejudiced by their merely physical exclusion, their contents being received. The judgment should be affirmed, with costs. All concur.