### McCORMACK v. MANDELBAUM.

(Supreme Court, Appellate Division, Second Department.   March 3, 1905.)

TRIAL—SECONDARY EVIDENCE—SIMILAR CONTRADICTORY EVIDENCE.

Where plaintiff gave secondary evidence without objection, defendant should have been allowed to give secondary contradictory evidence.

Appeal from Trial Term, Kings County.

Action by John J. McCormack against Richard R. Mandelbaum. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MIL-
LER, JJ.

Leon Kronfeld, for appellant.
Henry White, for respondent.

JENKS, J. The plaintiff simply stands in the shoes of Maryon, who
testified on his direct examination that he had a conversation with the
defendant, who therein agreed to pay him 10 per cent. for certain col-
lections, "the same he would an attorney." This testimony was taken
without objection, save that the witness was permitted to refer to a
memorandum. The defendant testified on direct examination that he
had a conversation with Maryon regarding the employment of attorneys
to collect accounts of sales made by him. He was then asked, "Did
you or did he agreed to pay one-half of whatever the attorney charges
were that you incurred?" The question was objected to as incompe-
tent, as the agreement was reduced to writing, and the objection was
sustained, unless the defendant showed a change in that agreement, un-
der exception.

The record, though but a bill of exceptions, seems to indicate that
the testimony of the plaintiff and the question put to the defendant refer
to the same matter. When the plaintiff testified that the defendant
agreed to pay him the same as an attorney, testimony by the defendant
that the plaintiff was to pay one-half of the attorney's fees presents a
contradiction. The question is whether, in view of the oral evidence of
the plaintiff, which went in without objection, the court erred in shut-
ting out this testimony offered by the defendant. The question is not
free from doubt, and it has been much debated, though in other courts
than ours, for I do not find, nor are we cited to, any authority in this
state which is direct or conclusive. I think that the principle is well
stated by Shaw, C. J., in Shaw v. Stone, 1 Cush. 228, 242. The Chief
Justice says:

"This evidence was objected to on the part of Stone and others, but was
admitted by the court, and this is the subject of the first objection. This ob-
jection is placed on the ground that by the vote of November 20, 1834, and the
subsequent acceptance of the report of the committee on the compensation of
the agents, a contract in writing was made between the parties, which ought
not to be enlarged or altered by parol evidence. To this objection there are
several answers: (1) As the rules of evidence are made for the security and
benefit of parties, all exceptions may be waived by mutual consent, and in
each particular case an objection may be waived by the party who has a right
to except. Now, when this species of evidence was offered by Stone and others
in order to prove what was the agreement and understanding of the parties,
even though it might have been open to the exception stated, the defendants
waived their exception by offering it, and the other party waived theirs by not
excepting to its admission. To what extent did this waiver go? We think
to the introduction of parol evidence bearing on the same point, and which
tended to prove what was, or was not, the agreement and understanding of
the parties, at the time of the establishment of the agency, in regard to one
important particular. It was not merely a waiver as to the particular question,
but to the species of evidence as bearing upon that point in the issue. It is
said that the admission of incompetent or illegal evidence on one side, not
objected to, does not warrant the admission of incompetent evidence on the
other side, when objected to. This principle is true, but is not applicable to
the present case. When a party waives his exception to a particular species
of evidence, alike in character, it ceases to be incompetent, and all evidence

of the like kind, if pertinent, is admissible. A contrary decision would seem to violate the maxim, 'Audi alteram partem,' which lies at the very foundation of all regulated and intelligent judicial inquiry."

In Mowry v. Smith, 9 Allen, 67, 68, Bigelow, C. J., says:

"The question then arises, how far the admission of incompetent and irrelevant evidence offered by one party, to which no objection is taken, renders it competent for the opposite party to introduce evidence of a similar character. There certainly must be some limit beyond which parties cannot be permitted to go in extending issues of fact and bringing into a case matters which have no essential bearing on its real merits. Without indicating a general rule applicable to all cases of this nature, we think it may be safely said that a party should not be allowed to go farther than to prove facts which have a direct tendency to contradict and control the irrelevant or incompetent evidence which his adversary has introduced into the case. To this extent it may be properly held that the latter has waived the strict rule of law applicable to such evidence, and is estopped from objecting to the proof of facts, by the opposite party, which can be properly deemed to be contradictory or in rebuttal of those offered by himself."

See, too, Elliott on Evidence, § 887; Jones on Evidence, § 876; Wallis v. Randall, 81 N. Y. 164, 168. Thompson, J., pithily says in Sherwood v. Titman, 55 Pa. 77, 80:

"The defendant opened the door for the testimony, and cannot complain that it was not closed soon enough to suit him."

This is not a question of immaterial or irrelevant evidence, but of the admission of secondary rather than the best evidence, and I think that, in view of the taking of such testimony from the plaintiff, the court should have permitted the defendant to give testimony of the same kind which went to contradict the statement of the plaintiff. The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur; HOOKER, J., not voting.