(113 App. Div. 277)

HORST v. LOVDAL et al.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. PLEADING—ISSUES—FAILURE OF PROOF.

Where a complaint alleged that defendant delivered 500 bales of hops to plaintiff to sell on commission, and agreed to pay the commission, though the hops should be withdrawn from plaintiff, and the proof showed the delivery of less than 500 bales, the variance did not authorize a dismissal of the complaint; defendants not having been misled to their prejudice in maintaining their defense on the merits.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 1338.]

2. FACTORS—COMMISSIONS—ACTIONS.
>    Though defendant did not ask that recovery be limited to the bales delivered, plaintiff could only recover commissions on that number.

3. CUSTOMS AND USAGES—APPLICATION—VARYING TERMS OF CONTRACT.
>    In an action by a factor to recover commissions for a sale of hops, it was not error to refuse to permit defendant to answer a question as to the commercial custom with reference to consigning hops, and with reference to the payment of commissions, which question was put for the purpose of showing that the contract claimed by plaintiff was unusual and improbable, where it appeared without dispute that defendant had made such a contract with respect to some of the hops, and the only question was whether it applied to them all.

>    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs and Usages, § 34.]

Appeal from Trial Term, New York County.

Action by Paul R. G. Horst against William E. Lovdal and others. From a judgment in favor of plaintiff and from an order denying a motion for a new trial, defendants appeal. Judgment and order reversed and new trial granted, unless plaintiff stipulate to a reduction of his judgment, in which event the judgment is modified and the order appealed from affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

D. Frank Lloyd, for appellants.
George A. Strong, for respondent.

PATTERSON, J.   The defendants appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff and from an order denying a motion for a new trial. The action was brought to recover commissions which the plaintiff claims to have earned upon an employment by the defendants under a special contract. The allegations of the complaint are that on or about the 9th day of April, 1902, the defendants agreed with the plaintiff that they would then and thereafter put in his hands a quantity of hops, to wit, about 500 bales in all, to be sold upon a commission of 1½ cents per pound, buyers' names to be given, and sales to be subject to acceptance by the defendants, and that it was, among other things, agreed that, if the defendants should thereafter withdraw the said hops from plaintiff's hands, the aforesaid commission was to be paid as if a sale had been made by him; that the defendants at different times "delivered the said hops to the plaintiff," who proceeded to make efforts to find purchasers for the same, but before any sale could be effected the defendants withdrew the said hops from sale, and refused to permit plaintiff to proceed under the contract; that the hops so placed in the plaintiff's hands and afterwards withdrawn by defendants weighed about 100,000 pounds; that the plaintiff's commissions, at the rate agreed on, amount to $1,500, no part of which has been paid. The defendants' answer contains a general denial of those allegations of the complaint.

The controversy between the parties, as it developed at the trial, related to the nature and terms of some contract which was undoubtedly made between the plaintiff and the defendant William E. Lovdal on the day mentioned in the complaint. The evidence on both sides is to the

effect that on that day a contract was made. The plaintiff testified that the agreement was that all hops to be consigned by the defendants to him should be subject to a commission of 1½ cents a pound, whether they were sold or not, and that he was specifically instructed that sales should be made at 25 cents per pound f. o. b. on the Pacific Coast, which price the defendants always insisted upon. It is not to be disputed (for the documentary evidence establishes it) that on that day the defendants consigned to the plaintiff 80 bales of hops at 1½ cents per pound commission, and delivered the bill of lading therefor, and that the understanding was that, in case that consignment was withdrawn, the plaintiff should nevertheless receive 1½ cents commission. The plaintiff also testified that it was agreed that 500 bales in all should be consigned subject to the same agreement as to commissions, while the defendant William E. Lovdal swore that no agreement was made as to commissions with respect to 500 bales, or to any other number of bales than the 80 above mentioned, except that he did agree to consign 500 bales conditionally—that is to say, if the plaintiff could, and should sell them —and he states that he was assured that the plaintiff had customers who would take that amount at the price the defendants demanded for the merchandise, and that he declared to the plaintiff that he did not want to pay commissions if the goods were not sold, and that the plaintiff told him he had a customer with whom he could place the merchandise almost immediately. The defendants, from time to time, placed in the hands of the plaintiff 260 bales of hops, 180 of which were sent forward by the defendants with full knowledge that the plaintiff had not sold any hops for them, and that he had no customer who would take them at the price required. Through their correspondence, which is in evidence, the defendants time and again admitted that 500 bales were to be consigned. On August 21, 1902, they wrote to the plaintiff that they were preparing 240 bales to be forwarded to New York, and that that would make up 500 bales they were to consign to the plaintiff, and in the meantime they hoped that he would sell the 260 bales he then had. On the 15th of October, 1902, they wrote to the plaintiff, referring to 500 bales than "within his reach." On August 28, 1902, the defendants referred in a letter to the plaintiff to 240 bales that were to be consigned to the plaintiff, and stating that they, with the bales already received by the plaintiff, would make up the 500 bales. There are various other statements in letters of the defendants which show that there was some agreement that 500 bales of hops should be consigned.

The plaintiff insists that the condition that he should make actual sales was not annexed to his employment. He and the defendant William E. Lovdal alone testified concerning the terms of the agreement. It is manifest that, so far as 80 bales at least are concerned, the plaintiff's version of what the contract was is correct. Whether it extended to all other merchandise to be consigned within the limit of 500 bales was a distinct issue of fact on which the testimony was conflicting, and the jury, with the parties before them, found that the commissions were to be paid upon a full lot to be consigned. The contract is no more unreasonable with respect to a large lot than it would be as to the 80 bales, concerning which it was manifestly made. But the plaintiff was permitted to recover commissions upon 500 bales when only 260 were

received by the plaintiff and subsequently withdrawn from sale by the defendants and taken out of the plaintiff's hands. On the trial, at the close of the proofs, the defendants moved to dismiss the complaint on the ground that the allegation of 500 bales having been delivered to the plaintiff and withdrawn by the defendant was not proven, which motion was denied. There was not an entire failure of proof of the whole allegation such as would have authorized a dismissal of the complaint, and the defendants could not take advantage of a variance between the proof and the allegation, for they did not claim that they were actually misled, to their prejudice, in maintaining their defense upon the merits. They did not ask the court to limit the plaintiff's right of recovery to commissions on the 260 bales actually received and withdrawn, but notwithstanding that omission, under the contract as proven, the plaintiff could only recover commissions as such on the hops delivered to him. That will necessarily require a reduction of the judgment. While the contract referred to 500 bales, commissions as such were only earned on the goods delivered and withdrawn.

There are no exceptions to the charge of the court which require consideration, but it is claimed that an error was committed in the rejection of evidence. On the examination of the defendant William E. Lovdal he was asked the following question: "What is the commercial custom with reference to consigning hops and with reference to the payment of commissions?" That was objected to generally, and the objection was sustained. It is now claimed by the appellants that by this question they sought to show the improbability of their making a contract which they assert to be of an unusual and extraordinary character. It has been held that in an action to recover commissions for services claimed to have been rendered on a specific agreement as to compensation, where the making of the agreement is denied, the defendant may give in evidence the value of the services, it being competent as bearing upon the issue (Weidner v. Phillips, 114 N. Y. 458, 21 N. E. 1011; Rubine v. Scott, 118 N. Y. 662, 22 N. E. 1103), but such evidence would relate only to the local rates of commissions, and would be material only as affecting the probability of the defendant having made the contract sued upon. The question asked the witness here was not with respect to the rate of commissions for selling hops in the city of New York, but to a general commercial custom with reference to consigning hops and to the payment of commissions. Two subjects were embraced in one question. The witness was a hop grower and merchant residing and doing business in San Francisco. It was not shown that he knew of the customary or ruling rate of commissions in the city of New York. There was no error in refusing to allow the witness to answer this question, even if it or either branch of it were material, in the presence of the indisputable fact that he did make the agreement with respect to 80 bales, and the only question being whether it applied to other bales.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulate to a reduction as herein suggested, in which event the judgment as modified and the order appealed from will be affirmed, without costs. All concur.