Likes v. Baer.

## Likes v. Baer.

1. DAMAGES: EVIDENCE. In an action by the vendee of real estate against the vendor for damages sustained by reason of false and fraudlent representations made in the contract of sale, evidence is admissible showing that the consideration therefor was paid by the grantee in other lands, and to show the actual value of such lands, for the purpose of enabling the jury to ascertain the real damages[1].

*Appeal from Mahaska District Court.*

WEDNESDAY, NOVEMBER 9.

The facts involved in this case are fully presented in the

---

1. STOCKTON, J., *dissenting*, for reasons stated in the opinion of the majority of the court, filed at the June term, 1859. See 8 Iowa 368.

report of the opinion filed herein at the June term 1859—8 Iowa 369. After that opinion was announced, a rehearing was ordered, on the application of the appellant.

*Seevers, Williams & Seevers* for the appellant, cited *Waldron's Administrator* v. *Zollicoffer*, 3 Iowa 109; *Hahn* v. *Cummings*, Ib. 583; *McGregor, Laws & Blakemore* v. *Armill*, 2 Ib. 30; *Eyser* v. *Weissgerber*, Ib. 464.

*S. A. Rice* and *Wm. Loughridge* for the appellee, reviewed the authorities cited by counsel for the appellant, and relied upon *Hahn* v. *Cummings, supra, McFannon* v. *Taylor*, 3 Cranch 270; *Whitney* v. *Allain*, 1 Conn. 314; *Bradley* v. *Barley*, 1 Barb. Ch. 148; 7 Blackf. 178; 2 Hill 291.

WRIGHT, C. J.—This case was affirmed at the last term of this court, and at the same term, on the application of appellant, a rehearing was ordered.

And now, being further and more fully advised in the premises, it is the opinion of a majority of the court, that the court below erred in excluding the testimony offered by the defendant as to the value of the land owned by plaintiff, and given in exchange for that obtained by him. In other respects there is no error.

The plaintiff introduced testimony tending to prove that the land got by him of defendant was of an inferior quality, and worth very much less than it would have been if it had answered the description given of it by defendant, that defendant represented this land to be good, dry, smooth and tillable prairie, or good timber, and that if it had been, its value was as to one tract, twenty dollars, ($20) and as the other, five dollars ($5) per acre. It is admitted that defendant received in exchange for his land sixty acres, near Occola, in Clarke county.

Now, for one purpose at least, it was competent for the defendant to prove the actual value of the sixty acres at the time he got it. If this land was worth but three hundred dollars ($300,) for instance, it would render it improbable

that defendant made the representations charged or claimed as to the quality of his land, for it is not likely, to say the least of it, that he would thus over-estimate its advantages and value in order to get a tract worth no more than his own, at its actual and admitted value. And so on the other hand, as a sound price is evidence tending to show that a party relied upon getting a sound article, (3 Iowa, 113,) and as a price not sound ordinarily tends strongly to show that the party purchasing was contracting in view of defects; so if the plaintiff's land was inferior in quality or comparatively worthless, this circumstance would tend strongly to show that he did not rely upon the alleged representations, or that he did not contract in reference to them. So that, whether regarded as throwing light upon the conduct of either party, or as tending to test the truth of the testimony detailed, we think the question asked the witness Sprague, should have been allowed to be answered.

The suggestion of appellee, that this testimony was sought to be elicited on cross examination, and was therefore inadmissible, is answered by the remark that the same evidence was offered by the defendant and rejected after plaintiff had closed his case. This position therefore, can not avail plaintiff.

Judgment reversed.