## HIGH v. KISTNER.

44    79
137    166

44    79
141    373

1. **Evidence**: VENDOR AND VENDEE: FRAUDULENT REPRESENTATIONS. Where the vendee alleged that he relied upon the vendor's representations respecting the character of the land and that he was deceived thereby, it was competent to show what knowledge of the land the vendee had acquired from other sources.

2. ———: ———: ADMISSIONS. The admissions of the vendee made after the signing of the contract of sale, are competent evidence.

3. ———: ———: CONSIDERATION. Evidence showing that no fixed price was put upon the land, but that it was acquired by exchange, was admissible to explain the conduct of the parties and test the truth of the testimony.

*Appeal from Black Hawk District Court.*

WEDNESDAY, SEPTEMBER 20.

IN consideration of the conveyance by plaintiff to the defendant, Elizabeth Kistner, of one hundred and twenty acres of land, the defendants conveyed to plaintiff eighty acres of land and paid him the sum of $500.

The petition alleges that the defendants falsely represented to plaintiff that the land conveyed to him was good plow land, as good land as there was in Black Hawk county, and worth $13.50 per acre; that plaintiff was not acquainted with the land, and was unable to examine it because it was covered with snow, and relying wholly upon defendants' representations as to quality and value, plaintiff purchased it for the sum of $1,000; that the land was wet and swampy, wholly unfit for plow land, and worthless.

The answer denies each allegation of the petition. There was a jury trial, and a verdict and judgment for plaintiff for $489.10. Defendants appeal.

*Boies, Allen & Couch,* for appellant.

*Miller & Preston,* for appellee.

DAY, J.—I. The plaintiff having testified in substance that he did not know the quality of this land and that the defendant, George Kistner, made false representations respecting its quality; the defendant introduced as a witness one Gookins, and asked him the following questions: "Did you at any time prior to the trade have a conversation with plaintiff in regard to the general character of the land along Crane Creek bottom, in which the land in question is situated, and while you were in a position to overlook the land in question? Do you know whether prior to the trade in question, plaintiff had actual knowledge of the general character, quality and condition of the land in question? If so, state your means of knowing that fact; state whether you have actual knowledge that prior to the trade in question, plaintiff did examine, look over and talk about the lands on Crane Creek bottom, including the piece in question, and, if so, state what he said about the quality and character of the lands in that vicinity, including the land in question? State whether there is any difference in the general character of the lands along Crane Creek bottom in the vicinity of the land in question? State whether at your house, in Bennington township, about three years prior to the trade, you had a conversation with plaintiff, in which he spoke of the character of the lands on Crane Creek bottom, which included the land in question, and in which he stated that they were so low and wet, that they were worthless, or nearly so? Did you at your house in Bennington township, prior to the trade in question, have any conversation with plaintiff in regard to the general character of the lands on Crane Creek bottom, which include the land in question? Did you, prior to the trade in question, describe to plaintiff the general character of the lands on Crane Creek bottom, including the land in question? If so, what description did you give him?"

Upon the objection of plaintiff, all of these questions were excluded as immaterial and incompetent. These rulings were clearly erroneous. The knowledge of the plaintiff as to the quality of the land conveyed to him is material and import-

*1. EVIDENCE: fraudulent representations: vendor and vendee.*

ant. All of these questions were pertinent to that inquiry; some of them bearing upon it indirectly, others directly.

II. The evidence tended to show that Elizabeth Kistner, one of the defendants, took no part in the negotiations, and that she met the plaintiff for the first time in connection with this transaction, at the office of the attorney who prepared the papers, and that no conversation occurred between her and plaintiff in relation to the land in question, prior to the delivery of the deeds.

*2 admissions.*

Elizabeth Kistner was produced as a witness for defendants, and was asked the following question: "What, if anything, did High say after you made the contract, about his knowledge of the land you deeded to him."

The plaintiff objected to evidence of anything said after the deed was executed, as immaterial and irrelevant. The court sustained the objection. This ruling was erroneous. An admission of plaintiff, that he had knowledge of the character of the land deeded to him, is admissible as evidence against him, without reference to the time when the admission was made.

III. Plaintiff alleges in his petition that he purchased the land for one thousand dollars. The consideration named in the deed to plaintiff is one thousand dollars.

*3. consideration.*

Plaintiff testified that the consideration expressed in the deed was the amount he agreed to pay for the land. On the defense, George Kistner testified: "We bought the 40, and traded for the 80. There was no value put upon the 80, merely a swap. The value of the forty was $500." The defendants also proved the character, quality and value of the land received by them in exchange for the land in question. The plaintiff objected to the testimony as incompetent, not authorized by the issues, and that defendants do not claim any false or fraudulent representation on the part of plaintiff in regard to the land sold them, or that it was of other or different quality than what they knew it to be when they purchased. These objections were, at the time the evidence was offered, overruled.

The testimony being closed, the plaintiff moved to with-

draw this testimony from the jury, and the court sustained the motion. This ruling was erroneous. The answer denies every allegation of the petition, and hence puts in issue the allegation that plaintiff paid one thousand dollars for the land.

The testimony was competent, not for the purpose of fixing a measure of damages, but to throw light upon the conduct of the parties, and test the truth of the testimony. See *Likes v. Baer*, 10 Iowa, 89.

As the cause must be reversed, for the reasons already presented, it is not necessary to consider the objections made to the instructions. The same questions may not arise upon the retrial.

REVERSED.