FARMERS STATE BANK OF CENTRAL CITY V. JOHN YENNEY.

FILED FEBRUARY 22, 1905. No. 13,720.

1. **Evidence** of collateral facts corroborative of the statement of one party with respect to the main issue is admissible if confined to such matters as throw light upon the question. The jury are

entitled to know all the circumstances surrounding the parties with reference to the property at the time of the transaction in order that they may judge which of them is telling the truth. *Blomgren v. Anderson,* 48 Neb. 240.

2. **False Representations:** EVIDENCE. A bought eighty acres of land in M county from B, giving in payment therefor $1,800 in money, paying a mortgage of $118 and conveying a tract of land in C county. In an action for false representations as to the condition and value of the land in C county, wherein B testifies that the land was represented to him to be of the value of $800 and taken by him at such value, and A claims that no false representations were made and that no value was fixed upon the C county land, it was error to reject evidence offered to show that the land in M county was only worth $2,000 at the time of the transaction, since this evidence tended in some degree to corroborate A's testimony.

ERROR to the district court for Merrick county: CONRAD HOLLENBECK, JUDGE. *Reversed.*

*W. T. Thompson,* for plaintiff in error.

*John C. Martin,* contra.

LETTON, C.

This is an action to recover damages for fraud and false representations alleged to have been made by the Farmers State Bank as to the value of a tract of land in Cheyenne county, Nebraska, which was given in part payment for an eighty-acre tract of land in Merrick county sold to the bank by John Yenney, defendant in error. The petition alleged that he sold the Merrick county land for $2,700, and charged false representations as to the condition, location and character of the Cheyenne county land, and claimed damages in the sum of $800. The answer alleged the purchase of the Merrick county land, and that the consideration was the payment of $1,800 in cash, the payment of a mortgage on said land for $100, and interest, the conveyance of the Cheyenne county land, no value being fixed. The reply was a general denial. The plain-

tiff Yenney recovered a verdict and judgment in the district court, and the bank prosecutes error.

There are only three assignments of error argued in the brief. The first and second are that the verdict is not sustained by sufficient evidence and that the action is not prosecuted in the name of the real party in interest. These will be considered together. The title to the eighty acres of land in Merrick county was at the time of the transaction in the name of the wife of the plaintiff John Yenney. The evidence shows, however, that the transaction whereby Yenney procured the title to the Merrick county land to be conveyed to the bank and the Cheyenne county land to be conveyed to him was entirely between him and the bank. The bank did not deal with Mrs. Yenney at all or with John Yenney as her agent. Whatever transaction or agreement there may have been between Yenney and his wife with reference to the title to the Merrick county land is of no concern to the bank, and so far as the record shows Yenney is the real party in interest. Yenney and his son swear to the making of the representations by the agent of the bank, who denies making them. If made, other evidence shows they were false. The jury believed Yenney and the evidence supports the verdict.

The next assignment of error is that the court excluded evidence with reference to the value of the Merrick county land. The value of the Merrick county land was not in issue, but it is argued that the evidence as to its value would tend to throw some light upon the transaction that actually occurred. The defendant's theory of the transaction was that no amount was agreed upon or stated as to the value of the Cheyenne county land, but that the consideration for the eighty acres in Merrick county was the payment of the $1,800 and the mortgage, and interest, and the transfer of the Cheyenne county land. It offered to prove that the Merrick county land was worth not to exceed $2,000, and it is argued that if the plaintiff in error had paid within $82 of its actual value it is highly improbable

that there would have been any inducement to represent the Cheyenne county land to be worth $800. Any fact is admissible in evidence which reasonably tends to throw any light upon the subject matter contested. The evidence offered was not admissible for the purpose of reducing the amount of recovery, if the jury believed Yenney was entitled to recover, because he was entitled to the benefits of his bargain, if any. It was merely collateral to the main issue in the case, and, if admissible, can only be considered in so far as it throws light on the main transaction.

In an action for damages for fraud in the exchange of a lot of marble, the plaintiff claimed that he exchanged a house, the price of which was fixed at $5,100, for $1,100 in cash and marble represented to be worth $3,000, the defendant to assume a mortgage of $1,000, and that the marble was in fact only worth about $1,000. The defendant claimed that he told plaintiff the value of the marble was only $1,000, and also that no fixed price was agreed upon in the exchange for the house. The defendant offered to prove that the house was not worth $5,100 or anything like that sum, which evidence was excluded. The court, however, said:

"Upon the issue thus presented to the jury we think evidence as to the value of the hotel property was admissible. The parties might, of course, in their agreement fix upon any sum as the value of the property, but when the fact as to the agreement was in dispute the real value was an element for the jury to consider in determining which version of the story was the correct one." The weight and value of the evidence was for the consideration of the jury, and we cannot say that had it been admitted it might not have led to a different result. *Weidner v. Phillips,* 114 N. Y. 458, 21 N. E. 1011.

In *Blomgren v. Anderson,* 48 Neb. 240, it was held that, in an action to recover for services rendered under special contract, where the defense alleged that the consideration for such services was the plaintiff's board and lodging

during the period, evidence that at that time a third person in the defendant's presence and hearing offered to employ the plaintiff at substantial wages for work of the same general character was properly admissible as bearing upon the reasonableness of the claim and in some degree corroborative of the plaintiff's testimony.

We are of the opinion that the testimony offered should have been admitted. If the Merrick county land was not worth more than $2,000, what motive could the bank have for misrepresenting the values of the land in Cheyenne county? There is a direct conflict in the evidence as to whether the representations were made, and in so far as the evidence offered tended to corroborate the testimony of Mr. Kerr it was admissible. The weight to be given to it, however, was for the jury. They were entitled to know all the circumstances surrounding the parties with reference to the property at the time of the transaction in order that they might judge which of them was telling the truth.

For the error in excluding this testimony, we recommend that the judgment be reversed and the cause remanded for a new trial.

OLDHAM and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.