ALDRICH *v.* SCRIBNER.

146  609
s154   24

1. FRAUD—DECEIT—MISREPRESENTATIONS—DAMAGES—EVIDENCE.

> In an action for deceit in misrepresenting the character of
> real estate exchanged, evidence respecting the value of the
> property conveyed by plaintiff is immaterial on the question
> of damages, the measure of damages being the difference be-
> tween the value of the property conveyed by defendant had
> it answered to the representation relied upon by plaintiff and
> its value as it actually was.

2. SAME — MISREPRESENTATIONS — EXCHANGE OF PROPERTY—EVI-
DENCE.

> In an action for deceit in misrepresenting the character of
> property exchanged, evidence respecting the value of the
> property conveyed by defendant is admissible on the issue
> whether defendant made the representations alleged, and
> whether plaintiff relied upon them.

3. SAME—REPRESENTATIONS OF BROKER—RESPONSIBILITY OF PRIN-
CIPAL—INSTRUCTIONS.

> In an action for deceit in misrepresenting the character of prop-
> erty exchanged, an instruction making defendant responsible
> for the misrepresentations of an authorized broker if plaintiff
> ratified the broker's acts by consummating the trade, empha-
> sizes the importance of giving an instruction, supported by
> the evidence, that if defendant informed plaintiff of the true
> character of the property before completing the trade, plain-
> tiff no longer had a right to rely on the statements of the
> broker.

Error to Wayne; Murphy, J.   Submitted October 10,
1906.  (Docket No. 42.)   Decided December 17, 1906.

Case by Frank Aldrich and Sarah E. Aldrich against
Enoch W. Scribner for fraud and deceit.   There was
judgment for plaintiffs, and defendant brings error.   Re-
versed.

*Clark, Jones & Bryant*, for appellant.

*Palmer & Palmer*, for appellees.

MONTGOMERY, J. Plaintiffs recovered a judgment of $510 in an action on the case for deceit. The case as made by plaintiffs was in substance as follows: On March 27, 1904, plaintiffs had bought on contract and owned an equity in a house and lot on Warren avenue, in Detroit. Frank Aldrich, one of the plaintiffs, and acting for plaintiffs, in answer to an advertisement, called on Barnard & McCloud, agents for defendant, about trading their equity in said property. Mr. Barnard told him Mr. Scribner wanted to trade one parcel of land in Rochester, Mich., and a piece of land he knew all about, as he had just made a trade for it for Mr. Scribner, the owner. He said it was 40 acres of land, under cultivation; that there were 175 apple trees on the place; that there was a barn and two sheds, and there was room in the barn for stabling five horses; that there were five stalls; that the house was in fair condition; and he (Barnard) then made and gave to plaintiffs a pencil memorandum of a part of said representations, as follows:

"Lapeer, Almont township—40 acres; 6 room frame house—small barn and room enough for five horses; 175 fruit trees in good bearing condition; fences fair; rents at $100.00."

By appointment Aldrich went with defendant to see the Rochester property, and they on the way there discussed the representations Barnard had made about the Lapeer farm, and Aldrich told Scribner he did not like the idea of making a contract without seeing the property, but he had figured it out that 175 bearing fruit trees ought to pay 6 per cent. on $1,600, the amount he asked for the property; and Scribner replied, "that is the way I look at it." Scribner and Aldrich came back to Detroit, and after some little squabbling as to the exact amount to be allowed for each piece of property, they agreed to make the trade. Scribner agreed to allow plaintiffs $1,500 for their equity, and they were to allow Scribner for the Lapeer farm $850 and assume a $750 mortgage on it, and they were to allow

him $1,150 for the Rochester property, and give him back a mortgage for $500 on the same. Plaintiffs had never seen the Lapeer farm, and claim to have relied upon the representations of defendant and his agent relative to the 175 apple trees, which were untrue. Defendant testified that he had not listed the 40 acres with Barnard & Mc-Cloud, and that the only representations made by him were based upon the statements made by the former owner, and that this was so stated to plaintiffs; that he did not represent that there were 175 fruit trees; but, on the contrary, stated that he understood there were but 80 to 90 fruit trees, and so stated. On the trial, defendant offered to show that the actual value of the equity in the property traded by plaintiffs was very slight. This testimony was offered for two purposes: *First*, as bearing upon the probability of defendant having made the representations claimed, and of plaintiffs having relied upon them; *second*, for its bearing upon the measure of damages.

We think it clear that the testimony was not admissible for the latter purpose. The circuit judge rightly held that the measure of damages would be the difference between the value of the property had it answered to the representations relied upon by plaintiffs and its value as it actually was. We are constrained to hold, however, that the admissibility of this testimony for the first purpose stated is not an open question in this State, and that the court was in error in excluding the testimony. *Stone* v. *Covell*, 29 Mich. 359; *Banghart* v. *Hyde*, 94 Mich. 49. See, also, *Likes* v. *Baer*, 10 Iowa, 89.

Defendant requested the court to instruct the jury:

"You are instructed that if you find from the testimony in this case that the defendant, Enoch W. Scribner, represented to the plaintiffs that there were 80 or 90 fruit trees on this farm, that any representation previously made by Barnard & McCloud and the written memorandum given to Mr. Aldrich by Mr. Barnard previously are immaterial to this case, and the plaintiffs had no right to rely on them."

This instruction was refused, and the court charged the jury as follows:

" If Barnard & McCloud assumed to act as the agents of the defendant, Scribner, in the sale of the farm in Lapeer county, and had no authority from the defendant so to act, but afterwards the defendant carried out a sale which had been partially negotiated by said Barnard & McCloud, the defendant is bound by the representations made by the said Barnard & McCloud and on which the plaintiffs relied. In other words, gentlemen of the jury, even if Barnard & McCloud did not in the first instance have authority from Mr. Scribner to act as his agent, but in the absence of such authority entered into negotiations with Mr. Aldrich, and thereafter Mr. Scribner took up the negotiations which had been so entered into and carried them into effect, Mr. Scribner would be bound by any representations that Barnard & McCloud might have made prior to the time he gave them authority."

While error is not assigned upon the instruction as given, indeed it is not objectionable if the facts warranted such instruction, yet it is plain to see that the giving of this instruction emphasized the importance of giving the request of defendant. It would seem to be clear that, if before the trade was consummated the defendant apprised the plaintiffs that the number of fruit trees was but 80 to 90, plaintiffs were no longer justified in treating Barnard's representation as that of defendant.

The other questions presented are not likely to arise on a new trial.

Judgment reversed, and a new trial ordered.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.