OMER K. HIBBETS, Appellant, v. J. D. THRELKELD, and
B. R. PLOOTS, Appellees.

**Fraudulent Representations:** VERDICT UPON CONFLICTING EVIDENCE.
1 Where there is a decided conflict in the evidence relating to alleged false representations inducing the purchase of land, and much of the testimony relied upon by the plaintiff, in the form of statements made after the deal was closed, was so explained by defendant that if true the jury might have given them no effect in proof of fraud, a verdict for defendant will be sustained.

**Instructions:** REVIEW. Instructions not excepted to when given 2 or in the motion for a new trial will not be considered on appeal.

**Fraudulent representations:** EVIDENCE: INSTRUCTION. In an action 3 for false representations inducing an exchange of land, the value of the land given by plaintiff in exchange is admissible as a circumstance bearing upon the plaintiff's probable reliance on the alleged false statements.

**Exclusion of evidence:** PREJUDICIAL ERROR. The rejection of evi- 4 dence concerning a fact which is fully established by other competent evidence is not prejudicial error.

**Evidence of value.** In an action for false representations inducing 5 an exchange of land the deed is not competent evidence as to the amount paid or the value of the property: nor are subsequent deeds of the property to third persons admissible for any purpose.

**Hearsay evidence.** Neither what an agent of plaintiff employed to 6 investigate land for which he had negotiated, nor what a third person at the agent's solicitation may have reported, is competent in an action for the defendant's alleged false statements inducing the sale.

**Evidence of Value.** The plaintiff in an action for fraud in the 7 exchange of land cannot show, in his evidence in chief, from whom he purchased the land which he exchanged, or what he paid for it, although the same might have been competent in rebuttal; or, where purchased from one of defendants, competent for impeachment purposes; or, as showing plaintiff's belief as to its value.

*Appeal from Lucas District Court.*— HON. F. W. EICHEL-
BERGER, Judge.

TUESDAY, FEBRUARY 11, 1908.

ACTION at law to recover damages for false and fraud-
ulent representations made by defendants with reference to
some Wisconsin land, traded by them to plaintiff in exchange
for some town lots. Trial to a jury, verdict and judgment
for defendants, and plaintiff appeals. *Affirmed.*

*Stuart & Stuart,* for appellant.

*E. W. Drake* and *L. B. Bartholomew,* for appellees.

DEEMER, J.— It is charged in the petition that defend-
ants conspired and confederated together to cheat and de-
fraud plaintiff out of his property, and pursuant thereto,
falsely and fraudulently misrepresented certain Wisconsin
land which they were proposing to exchange for plaintiff's
town lots; that sixty acres of the Wisconsin land was in
cultivation, and the rest in good timber, and that it was all
underlaid with a vein of coal. Other misrepresentations
are charged, but need not now be set out. Defendants de-
nied the alleged conspiracy, and separately denied the mak-
ing of any false statements or representations. They also
pleaded that plaintiff made false and fraudulent repre-
sentations regarding his property. Upon these issues the
case was tried resulting in a verdict for defendants, and
plaintiff appeals.

It is strenuously argued that the verdict should have
been for plaintiff, instead of defendants, on the theory that
the testimony shows without conflict or without serious dis-
pute that defendants made the representations

1. FRAUDULENT
REPRESENTA-
TIONS: verdict
upon conflicting
evidence.

claimed, that they were false and untrue, and
that plaintiff was damaged thereby. It is
enough to say in this connection that there was a decided

conflict in the testimony, and that much of the testimony upon which plaintiff relies is in the form of statements made after the trade was negotiated, which statements defendants explained in such a manner as that, if true, the jury might have given them no force or effect for the purpose of proving fraud.

II.   Appellants complain of the third instruction given to the jury.   The instructions were not excepted to when given, and plaintiff made no complaint of the third instruction in his motion for a new trial.   This leaves nothing for us to consider with reference to the third instruction.

2. INSTRUCTIONS: review.

III.   The complaint made of the eighth instruction is such as that a consideration of some of the rulings on evidence is necessary to a complete understanding of the matter. Testimony was adduced by defendants to show the value of the town lots given by plaintiff in exchange for the Wisconsin property.   This was objected to, but the objection was overruled. In this there was no error.   *Likes v. Baer,* 8 Iowa, 368, s. c. on rehearing, 10 Iowa, 89; *High v. Kistner,* 44 Iowa, 79. See, also, *Aldrich v. Scribner,* 146 Mich., 609 (109 N. W. 1121), and cases cited.   In this connection, the trial court gave its eighth instruction, reading as follows: " Evidence has been permitted to go to you as to the value of the lots of plaintiff which were exchanged for the Wisconsin land.   This evidence was admitted only as a circumstance for the jury to consider as to whether or not it is probable that the plaintiff relied upon the alleged representations as to the Wisconsin land, or that he did not contract with reference to such representations, and such evidence should not be considered by you for any other purpose whatsoever."   This instruction is in exact accord with the authorities above cited, and nothing need be added to what is said in those cases.

3. FRAUDULENT REPRESENTATIONS: evidence: instruction.

Relating to this same matter, plaintiff offered in evidence certain letters written by defendant, Threlkeld, to

plaintiff something like two years before the trade in ques-

4. EXCLUSION OF
EVIDENCE:
prejudicial
error.

tion, in which certain statements were made by said defendant as to the value of his, plaintiff's lots. These were offered expressly for the purpose of showing the friendship which existed between the parties at or about the time of the transactions involved in the suit. The trial court sustained an objection to the letters, and they were not received in evidence. They might well have been received for the purpose offered, but no prejudice resulted from their rejection, for the reason that the relations between the parties was fully shown by other testimony, and was not denied. Offered at a proper time, they might, perhaps, have also been received for impeaching purposes, and perhaps to show the value of the lots or rather defendant's admissions as to value, but they were not so offered.

IV.   Certain deeds made by plaintiff for various of the town lots were offered in evidence, but the trial court admitted them simply to show that such deeds were executed;

5. EVIDENCE OF
VALUE.

the statements as to consideration being excluded. In this there was no error. The statement in a deed as to its consideration where the transaction is an exchange is not evidence either · as to the amount paid or as to the value of the property. Deeds made by defendants shortly after they obtained title to the lots were also offered, and the objections thereto were sustained. It is now contended that they were admissible to show the value of the lots; but this is not so. They were made to strangers, and the statements therein as to the considerations paid were not admissible for any purpose. Again, it is said they were admissible for the purpose of showing that plaintiff could not rescind; but this was entirely immaterial.

Plaintiff had one West look up the Wisconsin land, and offered to show what West reported to him. This was manifestly hearsay, and was properly excluded. He also offered

to show what one Culbertson, who at West's request wrote to
Wisconsin regarding the character of the Wis-
6. HEARSAY
EVIDENCE.        consin land, reported to West. Surely this
evidence was not competent.

In introducing his evidence in chief, plaintiff offered
to show from whom he purchased his lots in this State, and
what he paid for them. When this testimony was offered, it
was incompetent for any purpose. When de-
7. EVIDENCE OF
VALUE.        fendants introduced their testimony regarding
the value of these lots for purposes heretofore disclosed, this
testimony might have been proper as rebutting defendants'
testimony regarding the value of the property, and, as some
of it was purchased from one of the defendants as showing
the value of the property, to impeach the defendants, and as
showing plaintiff's knowledge or belief as to the value of
his lots in this State which he was exchanging for defendants'
land. This testimony was not again offered, and there was
no error in the ruling of the trial court. Moreover, there
was other testimony regarding the value of the lots, and as to
what plaintiff paid for them. So that, in no event, was there
any prejudice.

The two points most relied upon by plaintiff for a re-
versal are, first, that the verdict should have been the other
way; and, second, that the court erred in permitting de-
fendants to show the value of plaintiff's lots and in giving the
eighth instruction. The rulings on this testimony and the
instruction given have support in our previous cases, and the
first point is without merit.

No prejudicial error appears, and the judgment must be,
and it is *affirmed.*