(No. 12645.—Judgment affirmed.)

G. W. GALE, Defendant in Error, vs. M. L. MUNDY et al.
Plaintiffs in Error.

*Opinion filed June 18, 1919—Rehearing denied October 10, 1919.*

1. CONTRACTS—*when Supreme Court cannot weigh evidence.*
Where there is evidence to support the plaintiff's claim in an action for damages for false representations in making a contract, the Supreme Court cannot weigh the testimony and determine on which side is the preponderance of the evidence.

2. SAME—*when a false representation is actionable.* A false representation does not amount to actionable fraud unless it is a representation of a fact which is known to be false by the party making it, is made to deceive and to induce action by the party to whom made, and does induce reliance thereon without opportunity for verification and under circumstances justifying belief.

3. SAME—*false assertions as to value are generally not actionable.* The general rule as between vendor and vendee is that false assertions respecting value are not actionable, as value is, at most, an opinion, and the antagonistic position of the parties is sufficient to put the vendee on his guard.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. BENJAMIN W. POPE, Judge, presiding.

NORTHUP, FAIRBANK & KLEIN, for plaintiffs in error.

BULL, LYTTON & OLSON, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This cause comes to this court on a petition for a writ of *certiorari* to review a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county for $3000 in favor of G. W. Gale, the defendant in error here, who was plaintiff in the circuit court.

On the 14th day of June, 1913, Gale (hereafter referred to as plaintiff) and M. L. Mundy and R. W. Scott (hereafter referred to as defendants) entered into a written agreement whereby Gale agreed to convey to defendants certain described land in Oklahoma and Colorado and 290 shares of stock in two corporations mentioned, in exchange for 870 acres of land in Butler county, Iowa, which defendants agreed to convey to plaintiff for the land and stock agreed to be conveyed by him to them. The contract recites that the Iowa land is subject to a mortgage for $45,000, and by the terms of the contract Gale was to take it subject to the mortgage, pay $3300 cash, $10,000 on or before August 15, 1913, and convey to defendants several hundred acres of Oklahoma and Colorado land described, the Colorado land subject to $1800 incumbrance and the Oklahoma land to $1500 incumbrance. By the terms of the contract defendants were given ten days to examine the land proposed to be conveyed to them and decide whether to accept or reject it. Deeds were exchanged between the parties on the 14th of September, 1913. The stock of the two corporations mentioned had been transferred by plaintiff to defendants some days before that time. This action was brought by plaintiff to recover damages, on the ground that he had been deceived and defrauded by false statements and representations of defendants as to the value of the Iowa land and its rental value.

The declaration contains two counts. The first count alleges plaintiff was induced to enter into the contract and accept the land in Iowa by the false and fraudulent representations of defendants that said Iowa land upon which crops were grown was rented for one-half the crops grown thereon and five dollars per acre for that part of the land not in crops; that said statements and representations were false; that the premises were leased for one-third of the grain crops grown thereon, two dollars per acre for all tame grass land and one dollar per acre for all wild grass land;

that defendants knew the facts as to the rental of said land at the time and before the contract and conveyances were made; that the plaintiff did not know said facts, had no means of finding them out and relied upon the statements of defendants, believing them to be true, whereby he was damaged in the amount of $5000. The second count alleges plaintiff entered into a contract with defendants on June 14, 1913, to buy the Iowa land for the consideration mentioned in the contract; that by the terms of the contract plaintiff was to receive all the rents and profits from March 1, 1913, from the Iowa land, but defendants falsely, fraudulently and deceitfully stated to plaintiff and represented that the land was leased for one-half the crops grown thereon and five dollars per acre for that portion of the premises not in crop, which the plaintiff avers was about 370 acres; that if these statements had been true plaintiff would have received a rental of $6000, but alleges that said statements and representations were not true; that the premises were rented for one-third of the crops grown thereon, two dollars per acre for the tame grass land and one dollar per acre for the wild grass land actually used by the tenant, by reason of which plaintiff would receive less than $3000 rent. The second count also avers that the facts with reference to the rent of the land were well known to the defendants and were not known to the plaintiff; that he relied on the statements and representations of defendants, which were false, fraudulent and deceitful, whereby the plaintiff was defrauded and damaged to the amount of $5000.

Defendants pleaded the general issue. The cause was not tried in the circuit court for more than three years after the suit was begun, and two days before the trial was entered upon defendants filed notice, by leave of court, that they would prove, by way of recoupment, fraudulent representations made by plaintiff to the effect that the Colorado land was free and clear of incumbrances except $1800,

whereas in truth and in fact, as plaintiff well knew, it was
subject to the payment of charges, assessments and taxes
for irrigation purposes in the aggregate sum of $7000; also
that they would prove plaintiff represented to defendants
that the Colorado land was all free and clear of incum-
brances except one tract described, which was subject to in-
cumbrances not exceeding $1800, and plaintiff agreed to,
and did, convey and warrant to defendants all of said tracts
of land free and clear of all incumbrances; that said tracts
were not free and clear as represented and warranted, but
were, in fact, subject to charges, liens, assessments and
taxes levied for irrigation purposes, amounting in the ag-
gregate to $7000.

The evidence of plaintiff and his witnesses supported
his claim that defendants misrepresented the amount the
land in Iowa was rented for, as alleged in the declaration,
while defendants' evidence was directly conflicting to the
plaintiff's and consisted of a denial of the misrepresentation
of what the land rented for.

It is unnecessary to set out the evidence of the respective
parties in substance, for it cannot be denied that the plain-
tiff's evidence supported his claim, and it is not for this
court to weigh the testimony and determine on which side
was the greater weight of evidence. Defendants offered
no proof under their notice of recoupment.

The principal contention of defendants is that the court
committed reversible error in refusing to give to the jury
the following instruction asked by defendants:

"The court instructs the jury, as a matter of law, that
if you believe from the evidence in the case that plaintiff
has established his case by a preponderance of the evidence
and that plaintiff was damaged, then, if you further believe
that defendants have proved, by a preponderance of the
evidence, that plaintiff by false and fraudulent representa-
tions in regard to the condition and value of the Colorado
land in question in this case induced defendants to enter

289 — 10

into the contract of sale or exchange in evidence by reason of said defendants relying upon said representations of plaintiff, and that defendants have been damaged by said representations, the jury should reduce whatever damages, if any, you may find plaintiff suffered, by whatever damages, if any, you may find, from a preponderance of the evidence, defendants have suffered."

Under the proof in this case the refusal to give said instruction was not error. Defendant Mundy testified that he visited the Colorado land in August, 1913; that the 80-acre tract which the plaintiff had represented to be all seeded in alfalfa and worth $150 per acre was not more than one-third in alfalfa; that he made inquiry as to its value, and learned that land just across the road from it, which he believed to be of about the same character of land, could be bought for $60 per acre, and that the 160-acre tract, which plaintiff represented was worth $16,000, was worth about $25 per acre. Palmer, a witness for defendants, testified that he examined the Colorado land in November; that about one-fourth of the 80 was in alfalfa, and on the remainder of it the alfalfa appeared to have died for lack of water. This evidence was not objected to by plaintiff, and defendants claim that by the refusal of the instruction they were denied the benefit of that testimony. It is not every false representation that amounts to actionable fraud. The representation must be of a fact, knowledge of its falsity must rest with the party making it, and it must be made for the purpose of inducing action of the party to whom made. The false representations must be made to deceive or circumvent. *Cantwell* v. *Harding,* 249 Ill. 354; *Schwabacker* v. *Riddle,* 99 id. 343; *Walker* v. *Hough,* 59 id. 375.

It does not appear that when the contract was made defendants relied on any statements or representations of plaintiff as to the character and value of the land in Colorado, for by the terms of the contract they were given ten

days to examine the land and decide whether they would accept or reject the contract. They did not examine the land before accepting the contract but did examine it before the deeds were exchanged. It does not appear that defendants made any objection to conveying the Iowa land to plaintiff and receiving deeds to the Colorado and Oklahoma land from him at the time they were made or previously. So far as this record shows, the first complaint made by defendants of the value of the Colorado land was when they filed notice of recoupment, which was more than three years after the deeds were made. The representations relied on by defendants to sustain their claim by way of recoupment related to the value of the land in Colorado. The general rule as between vendor and vendee is that false assertions respecting value are not actionable, as value is, at most, an opinion, and the antagonistic position of the parties is sufficient to put the vendee on his guard. False representations, to be actionable, must be of a fact and induce reliance thereon without knowledge of the falsehood, without present opportunity or ability for verification and under circumstances justifying belief. (*Endsley* v. *Johns,* 120 Ill. 469.) The instruction which was refused told the jury that if plaintiff made false and fraudulent representations as to the condition and value of the Colorado land and that defendants were induced to perform the contract relying upon plaintiff's representations, in consequence of which defendants had sustained damage, the jury might reduce whatever damage, if any, the plaintiff had suffered, by the amount of damages defendants had suffered. Tested by the authorities above referred to, this instruction did not correctly state the law, and the court did not err in refusing it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*