HARVEY VANARSDOL, Appellee, v. HADLEY J. FARLOW, Appellant.

FRAUD: Fraudulent Representations—Evidence in re Value of Property. Defendant in an action for damages for fraudulent representations in the exchange of property, may, *on the issue whether said representations were made,* show the value of the property conveyed by plaintiff.

TRIAL: Timely and Adequate Exception. A timely and adequate exception, on the trial and in motion for new trial, to the exclusion of evidence, is all-sufficient, even though no exception is entered to the instructions wherein the order excluding the said evidence was substantially repeated.

*Appeal from Harrison District Court.*—E. B. WOODRUFF, Judge.

MAY 2, 1922.

ACTION at law to recover damages for fraud and false repre-
sentations in a sale or exchange of lands.  Verdict and judg-
ment for plaintiff for $9,104.  Defendant appeals.—*Reversed.*

*L. W. Fallon* and *Bolter & Murray,* for appellant.

*Ambrose Burke,* for appellee.

WEAVER, J.—Prior to November 29, 1918, the defendant,
Farlow, was the owner of 569 acres of unimproved land in
Saskatchewan, Dominion of Canada.  On the day named, he
entered into a written contract to convey the
property to one Beebe for the named considera-
tion of $5,000.  Soon thereafter, Beebe, alleging
that he had been deceived by Farlow's false and
fraudulent representations, began legal proceedings to rescind
the agreement.  Later, Farlow and Beebe compromised their
differences upon payment by Farlow of damages in the sum of
$1,000.  There is ground also for the inference (though there
is no direct testimony to that effect) that, as a part of the com-
promise, Farlow undertook to assist Beebe in making a sale
of the property to some other person.  Very shortly thereafter,
Beebe, with the help of Farlow, sold and assigned the contract
for the Canada land to the plaintiff, Vanarsdol.  In considera-
tion of the assignment, plaintiff assumed the payment of the
unpaid installments of the contract price, and made to Farlow
his promissory note for $2,250, and conveyed to Beebe his equity
in 80 acres of Iowa land.  Plaintiff alleges that he was induced to
enter into this deal by the assurance of Vanarsdol that he had
personally examined the Canada land, and that it was for the
most part choice wheat•land, and worth $30 per acre in trade, or
$25 per acre in cash.  Plaintiff now claims that the representa-
tions were false; that the land was practically worthless for agri-
cultural purposes, and for the most part covered with rocks and
stone; and that much of the remainder was wet and subject to
overflow.  For damages thus resulting, plaintiff demands recov-

1. FRAUD: fraudu-
lent representa-
tions: evidence
*in re* value of
property.

ery in the sum of $10,000. Defendant admits the sale of the land
by contract to Beebe and the assignment by Beebe to defendant,
but denies all of plaintiff's allegations of fraud and misrepre-
sentation. There was a trial to a jury, and verdict returned for
plaintiff for $9,104; and from the judgment entered upon this
verdict, defendant appeals.

I. Without attempting to state or discuss the details of
the evidence in the case, it is sufficient for the purposes of this
appeal to say that in our judgment the showing made is suf-
ficient to sustain the finding of fraud and misrepresentation;
and that, if this were the only question presented by the record,
we should have no hesitation in affirming the judgment. There
is, however, another feature of the case not so easily disposed of.

II. As will be observed from the statement already made,
the transaction between the parties involved the conveyance by
plaintiff to Beebe of 80 acres of Iowa land. Of the value of this
land or the value of plaintiff's equity therein, there is no direct
evidence, though plaintiff in his testimony says that the "agreed
consideration" for the deed was $10,000. On the trial, the de-
fendant sought and offered to show the value of the Iowa land,
and to show that such value was not in excess of the incum-
brances thereon; or, in other words, that the value of the equity
which plaintiff conveyed to Beebe in exchange for the Canada
land contract was merely nominal. Upon plaintiff's objection,
all evidence of this nature was excluded, the court holding that,
as the action was not for the rescission of the deal, but for recov-
ery of damages, because the Canada land was not what it was
represented to be, therefore the value of the Iowa land ex-
changed for it was entirely immaterial. In submitting the
issues to the jury, the court restated its prior holding, and
charged, in substance:

"That the value of the Iowa land was not open to inquiry;
and that, if plaintiff was found entitled to recover, the verdict
should be for such sum as damages as would compensate him
if the land he had bargained for had been as represented, * * *
that is, the difference between the market value of the Canada
land as it was in fact, and its reasonable market value at such
time, had it been as represented."

The correctness of this ruling is the one material question presented by this appeal. It is said at the outset by the appellee that defendant's objections to the charge of the court were not made within the time allowed by law, and cannot, therefore, be assigned as error upon the appeal. It appears, however, that defendant preserved an exception to the exclusion of this evidence at the time the ruling was made, and thereafter assigned such ruling as a ground for his motion for new trial. This, we think, is sufficient to entitle him to a hearing on the question in this court.

2. TRIAL: timely and adequate exception.

That the offered evidence was admissible is, under our decisions, a well settled proposition. See, for example, *Likes v. Baer,* 10 Iowa 89; *High v. Kistner,* 44 Iowa 79; *Vaupel v. Mulhall,* 141 Iowa 365; *Stoke v. Converse,* 153 Iowa 274; *Hess v. McCardell,* 182 Iowa 1121; *Workman v. Bales,* 190 Iowa 1061; *Skeels v. Porter,* 165 Iowa 255; and other precedents cited in both the *Stoke* and the *McCardell* case. These authorities are all to the effect that, where the plaintiff's action is for damages because of alleged fraud by which he was deceived and misled in an exchange of property, and the allegations of fraud are denied, the value of the property given by him in the exchange may be shown by the defendant for its bearing upon the issue whether the misrepresentations were in fact made and relied upon, though not as affecting the measure of damages, which is the difference between the fair market value of the property received by the plaintiff and its fair market value as it would have been at that time, had it been in all respects as it was represented to be. That the evidence was admissible under the rule of our cited cases cannot be doubted. Counsel for appellee, while not denying such admissibility, seeks to avoid the error by insisting that appellant did not sufficiently disclose to the court the purpose for which the testimony was offered, and did not show what the witness would testify to, if allowed to answer. The point is not well made. Counsel did state to the court their purpose to show by the offered witness that the Iowa land was hilly and rough, and not worth the amount of the incumbrance against it. To this the plaintiff objected, as being both incompetent and immaterial, and the court so ruled. The questions to

the witness and counsel's offer to the court were such as to clearly indicate the nature of 'the evidence, and no further or more explicit offer was required.

The error in the ruling was clearly prejudicial, and a new trial must be ordered. The judgment below is reversed, and cause remanded.—*Reversed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.