(No. 20770.—

JAMES BUTTITTA *et al.* Appellees, *vs.* G. W. LAWRENCE *et al.* Appellants.

*Opinion filed October 23, 1931—Rehearing denied Dec. 4, 1931.*

GREEN & PALMER, (HENRY I. GREEN, GEORGE E. MARTIN, and ORIS BARTH, of counsel,) for appellants.

BOYER & LEONARD, (H. F. SIMONSON, of counsel,) for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This cause is here on appeal from the Appellate Court for the Third District on certificate of importance granted by that court. It is an action brought by appellees against appellants for fraud and deceit. The first two counts of the declaration charge that plaintiffs, who were illiterate and

ignorant, employed the defendant White to sell or exchange certain property owned by plaintiffs in the city of Urbana; that White entered into a conspiracy with defendant Lawrence to defraud plaintiffs; that pursuant to such conspiracy the defendants offered to trade to plaintiffs, in exchange for the equity in their property, a vacant lot belonging to Lawrence and $1992.53 in promissory notes; that defendants, to induce plaintiffs to make such exchange, fraudulently and falsely represented to plaintiffs that the notes were good and collectible and the makers thereof solvent and responsible but that such statements were false and were known to defendants to be false, and that plaintiffs, relying on the truth of such statements, so exchanged their property and were defrauded. The declaration also charges that Lawrence told plaintiffs that he would endorse the notes so that he would be liable upon them; that after Lawrence got the deed to plaintiffs' property he gave the notes to defendant White to give to plaintiffs, but that plaintiffs did not see the notes until after Lawrence had placed plaintiffs' deed on record. The declaration charges that $586.55 of the notes transferred to them were barred by the Statute of Limitations and that the remainder were worthless and uncollectible because of the insolvency of the makers and that all of the notes were worthless and that Lawrence endorsed them without recourse. The declaration charges that on learning these facts plaintiffs sought to return the notes and the deed to the vacant lot and demanded the return of the deed to the property transferred by them, which was refused. Defendants filed plea of general issue. The cause was heard before a jury and a verdict was rendered finding defendants guilty and assessing plaintiffs' damages in the sum of $1000. The Appellate Court affirmed the judgment. There are therefore no questions of fact to be reviewed by this court.

The certificate of importance by the Appellate Court indicates that the question of doubt in the case is whether,

in an action of the character here involved, where no valuation is placed on the properties by the agreement of exchange, the defendants are entitled to offer evidence concerning the character and value of the property traded by the plaintiffs to them as evidence tending to prove there was no fraud or conspiracy and no false statement of fact made by the defendants concerning the value of the property exchanged by them.

The testimony of appellees is that they came to this country from Italy after they reached the age of eighteen years; that they could not read the English language and could write only their names; that they were in the shoe-repairing business in Champaign; that they owned a home on Stoughton street, in Urbana; that appellant White was a real estate dealer and Lawrence was engaged in the furniture business, selling furniture on the installment plan, and that through the solicitation of White appellees entered into an agreement with Lawrence to trade their Stoughton street property, on which the Prudential Insurance Company was placing a mortgage of $5000, for a lot on Poplar street, in the city of Urbana, belonging to Lawrence, and the notes involved in this case. So far as shown by competent evidence, no value was set on any of the property involved in the transaction except that the notes showed a face value of $1992.53.

The disputed evidence in the case centers around the question whether appellants, in furtherance of a conspiracy, represented to appellees that the notes were good notes and that the makers were responsible. It seems quite clear—in fact it is not disputed—that the notes are of little, if any, value, and $586.55 of the notes show on their face that they are barred by the Statute of Limitations. One note was made in 1910 and the last payment on it was made May 16, 1910. They are conditional sales notes, and for the purpose of this review it may be said that they were of little, if any, value. The evidence showed that the Stough-

ton street house of appellees was put into the deal subject to a $5000 mortgage.

The errors assigned concern the admission of evidence, instructions to the jury and the refusal of the trial court to take the case from the jury.

On the hearing counsel for appellants sought to show the value of appellees' Stoughton street property, not as affecting the damages involved but as evidence tending to show the improbability that appellants, or either of them, misrepresented the value of the notes which, with the vacant lot, were given in exchange for the Stoughton street property. It is argued that the properties of the parties were exchanged without fixing in their agreement any sum as the value of any of the pieces of property. Appellants offered to prove that the Stoughton street property traded by appellees was worth little, if anything, above the mortgage placed upon it, the ground of the offer being that such proof would tend to support the denial of the appellants of any conspiracy or misrepresentation as to the value of the notes. This offer was refused and the right to make such proof denied. The question of the competency of such evidence for the limited purpose mentioned has not heretofore been presented to this court. In *Drew* v. *Beall*, 62 Ill. 164, an action was brought by Beall against Drew to recover damages for deceit and fraud which had been practiced by Drew in the sale and exchange of certain real estate. In the transaction Beall conveyed a house and lot in Dixon, Illinois, for eighty acres of land in Missouri and the sum of $800. The fraud charged was as to representations concerning the Missouri land. It was sought on the hearing to show the value of the plaintiff's house and lot in Dixon which he transferred to the defendant as affecting the question of damages, and it was held that when the parties by their agreement fix an estimate and value on the property which each sold and transferred to the other, it was not for the jury to make a new contract for them or fix a new price

on any of the property transferred but the plaintiff was entitled to the benefit of his bargain; that the defendant had received the consideration agreed to be paid and that the plaintiff was entitled to have such a tract of land as was represented to him, and if he did not get it he was to have damages by reason of that fact. The proper measure of damages was there stated to be the difference between the actual value of the land and the value of such a tract of land as defendant's land was represented to be, and that the value of the Dixon house and lot was not properly involved. That case differs from the one here presented, in that the record there showed that each party had estimated a value of the properties in the contract. It does not appear from that case that there was a dispute as to the representations made but the evidence was offered in mitigation of damages, only. In *Antle & Bro.* v. *Sexton*, 137 Ill. 410, the action was for fraud and deceit in the sale of timber land. The sale price was $3000. The charge of fraud relied on was that the tract of timber land, though represented as containing eighty acres, yet in fact contained but thirty acres. It was in that case urged that the trial court erred in refusing evidence tending to show that notwithstanding the shortage in acreage the plaintiffs got the worth of their money in the whole trade. It was held in that case that such evidence was not competent, since the plaintiffs were entitled to the benefit of their bargain; that there was no price set on any specific item but there was a general price for all and the plaintiffs had a right to expect everything as represented. These cases do not involve the exact question presented here, which is the admissibility of evidence of the value of appellees' Stoughton street property as bearing not upon damages but upon the issue of the probability or improbability that false representations as to the value of the notes were made by appellants. The argument in support of the offer is that appellees' property was worth but little, if anything, over the amount of the mort-

gage and that the notes were put in as "boot," and this being so, it is not probable that appellants would have falsely represented their value. This question has come before the courts of other States, and it has been by them held that in an action for damages for false representations as to property exchanged, the defendant may, where no price has been fixed by the agreement, introduce evidence of the value of the property received by him as bearing upon the probability or improbability of misrepresentations on his part—that is, whether the misrepresentations were in fact made and relied upon. Those cases hold also that such evidence is not competent as affecting the question of damages. *VanArsdol* v. *Farlow,* 193 Iowa, 788, 187 N. W. 869; *Aldrich* v. *Scribner,* 146 Mich. 609, 109 N. W. 1121; *Farmers State Bank* v. *Yenney,* 73 Neb. 338, 102 N. W. 617; *Weidner* v. *Phillips,* 114 N. Y. 458, 21 N. E. 1011; *Wheeler* v. *Buck,* 23 Wash. 679, 63 Pac. 56.

We are of the opinion that in this case the evidence concerning the value of the Stoughton street property was admissible. No sum or value was fixed on any of the property. The only indications of value of any of the property were the amounts on the face of the notes. If the evidence showed that the Stoughton street property was of a value substantially in excess of the amount of the mortgage on it, it would tend to establish the claim of appellees that they were expecting to receive notes of substantial value, and that appellants, or at least Lawrence, made the representation which appellees claimed he made concerning the value of the notes. If, on the other hand, the Stoughton street property is worth but little, if anything, above the mortgage, such fact was proper to be considered by the jury as touching the probability or improbability that appellants made the representation concerning the value of the notes charged against them. Appellants denied that they made any false representation concerning the notes. This was an issue in the case, and it was competent for the jury to consider

this evidence on that issue. The refusal of this offer of proof was error fatal to the judgment.

As the case must be re-tried it is necessary to discuss certain other rulings of the trial court which are assigned as error.

It is contended that it was error to admit evidence of conversations between appellees and appellant White without first offering proof of a conspiracy existing between White and Lawrence. The argument is that White was appellees' agent, and therefore statements made by him were in the nature of self-serving statements and should not be received as against the defendant Lawrence until proof was offered showing the existence of a conspiracy. Appellants, White and Lawrence, were charged with conspiracy, and conversations or admissions of either in furtherance of that conspiracy were admissible against both. (*People* v. *Harrington,* 310 Ill. 613; *People* v. *Covitz,* 262 id. 514.) Nor is it necessary that proof of the conspiracy be made before evidence of such conversations be admitted. The order of proof is largely a matter within the discretion of the trial court. If there is no evidence tending to establish the conspiracy, then evidence of such conversation or statements made out of the presence of the other defendant should be stricken on motion. There is, however, here, sufficient evidence of conspiracy to render the testimony admissible. Appellees' proof is that while White had been employed by appellees to sell their property he had stated to them that the notes were good. If he had made such statement he could get that information only from Lawrence. Other evidence is, that though the notes were turned over to White to be delivered to appellees, delivery thereof was not made until after the recording of appellees' deed to the Stoughton street property. There is also evidence that a statement over the signature of appellees, which is disavowed by them as not understood, originated with White and was drawn in his office. This statement was

to the effect that there had been no representations made by either party or by the agent as to the notes or other property but each party was using his own judgment; that the undersigned also understood that the notes were to be turned over without recourse, and that they agreed to pay White, as agent, the sum of $330. As we have said, there is evidence that this statement originated in White's office. Appellees do not say that it was not read to them but that they did not understand it and that the explanation made by White did not correspond with the explanation made to them by their attorney later. Though not holding that this evidence establishes conspiracy, we are of the opinion that there is sufficient evidence of conspiracy in the record to render competent the statements testified to as having been made by White, and that this contention of appellants can not be sustained.

It is also argued that the jury were not properly instructed, in that the court did not define conspiracy to them. It does not appear that appellants offered instructions on that point which were refused, and they cannot complain that the court did not give further instructions on the matter of its own motion. It is not incumbent upon the court to give instructions of its own motion. Other objections to instructions do not require extended discussion. We have examined the instructions and are of the opinion that the jury was fairly instructed.

It is also contended that it was error to refuse to take the case from the jury. It is argued in support of this position that the declaration charged that the notes were represented by appellants to be good and collectible notes and that the makers were solvent, while the proof went only to the extent of showing that appellants said the notes were "good notes," and that such proof is not sufficient to sustain the verdict for the reason that the language so describing the notes was merely the expression of an opinion. Whether language used is a matter of opinion or a positive aver-

ment of a fact depends largely upon the facts of each case. Wherever a party states a matter which might otherwise be only an opinion but does not state it as the expression of the opinion of his own but as an affirmative fact material to the transaction, so that the other party may reasonably treat it as a fact and rely upon it as such, then the statement clearly becomes an affirmation of the fact within the meaning of the rule against fraudulent misrepresentation. Statements of value are common examples, and where made in pursuance of a scheme on the part of the defendant to induce plaintiff to trade with him such statements constitute fraud and deceit. (*Leonard* v. *Springer*, 197 Ill. 532; 2 Pomeroy's Eq. Jur. sec. 878.) Cases cited by counsel for appellants do not hold to a different rule but are distinguishable on the facts. Whether the representation that commercial paper is "good" is a statement of opinion or of a material fact may depend upon circumstances. Here appellees could not read and write the English language. They had never seen these notes, and, so far as the record shows, did not know the parties who had given them. Lawrence had had the notes for a long time. All were past due and some were beyond the period of limitation. The makers of the notes could not be made to pay. Therefore, if Lawrence or White, or both of them, stated to appellees, as the latter testified, that these notes were good notes, such was an assertion of the fact that their makers were responsible and the notes were collectible. (*Gale* v. *Mundy*, 289 Ill. 142.) This contention of appellants cannot be sustained.

As this case must be re-tried we have refrained from discussing alleged errors not likely to arise on such re-trial.

For the reasons indicated, the judgments of the Appellate Court and the circuit court are reversed and the cause remanded to the circuit court for a new trial.

*Reversed and remanded.*